Haul, Judge.'
 

 It is evident that the merits of this, case were not before the jury; and it is more than likely that
 
 *310
 
 the decision in
 
 Kelly
 
 v.
 
 Goodbread’s
 
 Exrs., (N.
 
 C. Term Rep.
 
 28.) was the cause of it. It is very true as is said in that case, that permission to receive testimony will a}wayS be granted or withheld according to the nature of the action, the conduct of the parties, and the necessity of receiving farther evidence for the advancement of justice. In that case it might be said, that it was a hard and penal action; but nothing is alleged against the demeanor and conduct of the counsel, and as the law gave the action, the evidence offered to be given was indispensable for its support. For the same reason, the counsel for the plaintiff could have had no reason for withholding it. It was owing, no doubt, I think, to an oversight, of which those most attentive will sometimes be guilty. I confess I am not altogether satisfied with that case. In this case, which is very much like it, the attention of the parties litigant seems to have been called to the main point in dispute, namely, the abuse which it was alleged the negro received; the counsel for the plaintiff supposing that title in the plaintiff was admitted, or not disputed. Nothing is alleged against the fair conduct of the counsel of the plaintiff. As the testimony, as to title, was all important to support the action, there would have been no inducement to keep it back. It must be attributed to inattention. But the loss of the suit is too great a penalty to be inflicted for it, even on the counsel. But this is not all; it spends its force upon the innocent client, at whose door there rested no fault. I attribute no blame to the defendant’s counsel when I say, that it is more than likely that the objection would have been made before the plaintiff’s counsel made their opening speech, had they not waited until after it was made for the purpose of using it as a barrier against the introduction of testimony which the plaintiff’s counsel had it in his power to offer. (I cannot bring myself to doubt but that the rule for a new trial ought to be made absolute; and I do it with the less regret, because I think the error was the
 
 *311
 
 consequence of one committed in this Court, for which I am as reprehensible as any body else.) I cannot see that
 
 Armstrong
 
 v.
 
 Wright
 
 has any direct bearing upon this case. In
 
 Parish
 
 v. Fite, evidence was received after the jury had retired from the bar, under peculiar circumstances. At the same time that I say that a new trial ought to be granted in this case, for the reason before given, namely, that the judge was influenced by the case of
 
 Kelly
 
 v.
 
 Goodbread’s executors,
 
 I wish it distinctly understood that I would not be for granting a new tidal had the decison in that case never been made; because I hold that it is altogether discretionary with the presiding judge to receive testimony in such cases or not. He will be governed by many circumstances which it is not in the power of this Court duly to appreciate. The objection I have to the decision of the case of
 
 Kelly
 
 v.
 
 Goodbread’s executors,
 
 is, that the Court undertook to decide that the judge in that case had done right in rejecting the evidence, when I think they ought to have said it was discretionary with the judge to reject it or not, as appeared to him to be right. For that reason I am for granting a new trial in this case, which I would not do did I not fear that case v as considered by the judge as imperative, when he rejected the evidence in this case.
 

 The Chief Justice concurred.
 

 Judge Henderson dissented, hut gave no reasons.