## FLOYD FERRELL v. C. L. HINTON ET AL.

### (Filed 19 February, 1913.)

**1. Pleadings—Issues—Waiver.**

When a party to an action involving the title to lands in dispute contends that a certain mortgage, necessary in the paper title of the adverse party, is barred by the statute of limitations, Revisal, sec. 391, subdivision 3, relating to mortgagor's ten-year possession, an objection that the same was not specially pleaded is waived when, after the conclusion of the evidence and argument, he obtains permission from the court to open the case and offer evidence tending to show that the mortgage had been kept in date by payment, thus rendering the issue appropriate and necessary.

**2. Appeal and Error—Objections and Exceptions—Assignments of Error—Practice.**

An objection to an issue submitted to the jury must be made at the time, in order to base an assignment of error thereon, or it will not be considered on appeal.

CLARK, C. J., and HOKE, J., concurring.

APPEAL from *Lane, J.,* at September Term, 1912, of CAMDEN.

Civil action for the possession of lands. These issues were submitted:

1. Did W. C. Ferrell make payment on the mortgage debt in question, as claimed by defendants? Answer: No.

2. Are plaintiffs the owners and entitled to the possession of the lands in question? Answer: Yes.

3. What is the annual rental? Answer: $20.

From the judgment rendered, defendants appealed.

*E. F. Aydlett for plaintiff.*
*Ward & Thompson for defendant.*

BROWN, J. This is an action to try the title to land. Plaintiffs and defendants claim under a common source. Defendants claim under a mortgage executed by W. C. Ferrell and wife 6 January, 1896, and due 1 January, 1897, to C. G. Etheridge. This mortgage was foreclosed under power of sale 6 June, 1910, and deed executed to defendants.

Plaintiffs contend that the mortgage and debt secured in it were barred by the statute of limitations, Revisal, sec. 391, subdiv. 3, and that the power of sale was inoperative and the sale and deed made in pursuance of it void.

The defendants contend that there is no such plea set up in the complaint, and that therefore his Honor erred in submitting the first issue.

It is unnecessary to pass upon this point, as we do not think it is open now to defendants to raise it. The record discloses that after the conclusion of the evidence and after argument to the court, the defendants' counsel asked the court to open the case and permit them "to offer evidence tending to show that the mortgage had been kept in date by payments within ten years from the foreclosure." The court permitted this to be done at the instance of defendants, and evidence was offered by both parties. This request of defendants, in our opinion, rendered the submission of the first issue appropriate and necessary.

The evidence having been introduced upon request of defendants, it is not open to them to object to the submission of an issue made necessary by their conduct.

Again, the record does not show that defendants entered an exception to the submission of this issue, although it constitutes

an assignment of error. The record shows that after the evidence was finally closed, counsel argued that the first issue was not material and not raised by the pleadings and should not be submitted, but the record fails to show that an exception to the submission of the issue was taken and entered at the time.

The judgment of the Superior Court is
Affirmed.

CLARK, C. J., concurs in the opinion of the Court for the reason given, and for the further reason:

The complaint alleges that the plaintiff is the owner and entitled to the possession of the land in question, without setting out his chain of title. The defendant answered, denying the allegations of the complaint and without setting out any chain of title. It was therefore open to the defendant to attack the validity of any deed offered by the plaintiff without having pleaded its invalidity. For a stronger reason it was open to the plaintiff to attack the validity of any deed offered by the defendant, without having pleaded its invalidity. Indeed, he could not foresee what deeds the defendant would offer.

When the defendant offered the deed from the trustee in a power of sale, under a mortgage which fell due 1 January, 1897, and it appeared that the mortgage had been foreclosed under said power of sale 6 June, 1910, the plaintiff was entitled to rely upon that evidence to assert the invalidity of the deed executed by the trustee. *Menzel v. Hinton,* 132 N. C., 660, was corrected by Revisal, 1044, which makes such power of sale *inoperative* after the lapse of ten years.

If there had been payments which would have taken such deed out of the statute, the burden was upon the defendant to show such fact. The plaintiff could not have pleaded the statute of limitations to a mortgage and power of sale which were not set out in the answer. Besides, a reply is not required except when the answer sets up a counterclaim. When the answer contains matter of defense merely, or by way of avoidance, the plaintiff is not required to reply unless so ordered by the court. Revisal, 485.

HOKE, J., concurs in concurring opinion.