### ROBERT MILLER v. J. A. GREENWOOD.

(Filed 18 September, 1940.)

**1. Appeal and Error § 6e—**

A broadside exception to the admission of evidence, including a number of questions and answers, does not properly present any question for review.

**2. Malicious Prosecution § 7b—**

In an action for malicious prosecution, plaintiff has the burden of showing want of proper cause.

**3. Malicious Prosecution § 8b—Evidence that at time of issuance of warrant defendant had knowledge of facts negativing intent constituting essential element of crime charged is competent to show want of probable cause.**

The evidence disclosed that defendant, an automobile dealer, delivered to plaintiff a car on a Saturday afternoon for plaintiff to try out, that on Sunday plaintiff took the car on a trip and wrecked same and notified defendant's employee of the accident the following Wednesday, and that defendant thereafter procured a warrant charging plaintiff with temporary larceny. *Held:* Plaintiff's evidence that he attempted to return the car Saturday night but that defendant's place of business was closed, that he undertook to notify the defendant of the wreck before going to work Monday morning but was unable to do so, and testimony as to a conversation with defendant's employee in which plaintiff offered to reimburse defendant in installments for the cost of repairs, is competent upon

the question of want of probable cause as tending to show facts within the knowledge of defendant at the time of the issuance of the warrant negativing intent constituting an essential element of the crime charged.

**4. Malicious Prosecution § 8c—**

In an action for malicious prosecution, the testimony of plaintiff·that the fact that he had been indicted and charged with temporary larceny was generally known in the town in which he lived and the town in which he worked is competent.

**5. Trial § 13—**

Even after conclusion of the evidence and the court's ruling in favor of defendant upon defendant's motion for judgment as of nonsuit, the court has the discretionary power to reopen the case and permit plaintiff to introduce the summons in evidence, and to overrule the motion after the deficiency has been supplied, since the admission of such evidence does not take the defendant by surprise or prejudice his cause.

**6. Trial § 6—Court, in exercise of duty to see that parties are given fair trial, has discretionary power to take any action to this end not inhibited by C. S., 564.**

The record disclosed that at the conclusion of all the evidence the court ruled favorably on defendant's motion to nonsuit and stated that there was a serious defect in the record and that if plaintiff wished to reopen the case and supply the deficiency the court would permit him to do so, that ·there followed a 10-minute recess after which the court told plaintiff he had not introduced the summons which was very material, and that upon plaintiff's request the deficiency in the record was supplied. *Held:* The remarks of the court did not constitute an expression of opinion upon the evidence inhibited by C. S., 564, but were within the court's sound discretion in discharging its duty to see to it that each side has a fair and impartial trial.

**7. Malicious Prosecution § 1—**

Allegations and evidence to the effect that defendant procured a warrant for plaintiff and his arrest and trial before a magistrate thereunder, that the warrant was issued maliciously and without probable cause and that the prosecution was terminated in favor of plaintiff, constitute a cause of action for malicious prosecution.

**8. Malicious Prosecution § 6—**

Where a person is arrested under a warrant issued against him, there is an interference with his person sufficient to constitute a "prosecution" within the meaning of the law.

**9. Malicious Prosecution § 8a—**

The absence of grounds for the prosecution or want of probable cause is evidence to be considered by the jury on the question of malice or malicious motive.

**10. Malicious Prosecution § 10—Failure of court to charge facts that would constitute probable cause held not prejudicial to defendant on the record.**

The evidence disclosed that defendant, an automobile dealer, swore out a warrant against plaintiff for temporary larceny of an automobile which defendant had delivered to plaintiff to try· out, and which plaintiff had

taken on a trip and wrecked. Plaintiff's evidence disclosed that the fact of the wreck and the circumstances thereof had been explained to defendant and that plaintiff had offered to pay the damages. There was no evidence of any facts sufficient to show probable cause within the knowledge of defendant at the time of the issuance of the warrant. The court charged the jury as to what constituted probable cause and that the action of the magistrate in binding the plaintiff over constituted *prima facie* evidence thereof. *Held:* If there was error in the failure of the court to charge as to facts that would constitute probable cause, such failure was favorable to defendant and he may not complain thereof on appeal.

APPEAL by defendant from *Pless, J.,* at February Term, 1940, of SURRY. No error.

Civil action for malicious prosecution of plaintiff upon a warrant procured by defendant charging him with the crime of temporary larceny.

On or about 1 February, 1936, defendant, a dealer in automobiles, was approached by plaintiff relative to the purchase of a Ford. Defendant delivered to him a Plymouth to try it out. This was on one Saturday afternoon. That night he went by the defendant's place of business to return the car but the place of business was closed. He continued to drive the car and on Sunday took a trip to Winston-Salem, N. C. During this trip the car was wrecked. On Monday morning plaintiff undertook to notify defendant before returning to his work but was unable to do so. He placed the wrecked car in another garage and finally notified defendant's employee about Wednesday. Defendant had the automobile repaired at a cost of $78.16.

Thereafter defendant sent his employee to plaintiff to demand reimbursement for the cost of repairs. Plaintiff paid $10.00 and promised to pay $25.00 per month until the full amount was paid. Defendant returned the $10.00. Plaintiff went to see defendant, explained that he could not pay all in cash and offered to pay in installments. Defendant replied with an oath: "You will pay it all or I will put you on the roads or get your job."

On 2 May, defendant procured the issuance by a justice of the peace of a warrant charging the plaintiff with the crime of temporary larceny. This plaintiff was arrested thereunder and at the trial probable cause was found and plaintiff gave bond for his appearance in the Superior Court. The grand jury returned the bill of indictment drawn on the warrant "not a true bill." In the meantime, while the hearing in the Superior Court was pending, the defendant wrote the plaintiff's superior as follows:

"One of your men in your Jonesville Shop 'Bob Miller' took a car of mine away, kept it over the week-end without my permission, wrecked

the car with a damage of around $75.00. I have done everything I can, including having him arrested, tried and bound to court, trying to get him to settle, but he has done nothing. Your men in charge here have referred me to you. I don't know what the Highway Commission or your policy is in a case like this. Mine has always been if they won't pay, let them go, and I know a lot of big and little businesses do likewise. I don't want anything but actual damage, but of course would like to have that. I am sure I can give him plenty of trouble in court as it was a plain case of Temporary Larceny, but this, of course, will be a long drawn out affair, and is no way to settle anyway. Will you please investigate this case and see if you don't think you would be justified in bringing a little pressure and getting settlement for me."

Thereafter, on 24 September, 1937, plaintiff instituted this action for damages. The defendant answering the complaint denied the material allegations thereof and set up a counterclaim for the recovery of the damages sustained to the automobile. Upon the trial there was a verdict for the plaintiff for $500.00 compensatory and $1.00 punitive damages. The defendant recovered $68.13 on his counterclaim. From judgment on the verdict the defendant appealed.

*Hampton & Barker and Woltz & Barber for plaintiff, appellee.*
*Folger & Folger, William M. Allen, and Hoke F. Henderson for defendant, appellant.*

BARNHILL, J. There are numerous assignments of error. Some of these are broadside in nature, including a number of questions and answers. These do not properly present any question for our decision.

The burden rested upon the plaintiff to show want of probable cause. Intent was an essential element of the crime with which he had been charged. Therefore, the evidence as to the efforts the plaintiff made to give the defendant notice that the automobile had been wrecked and as to his conversations with the defendant's employee Reece was competent on the question of *scienter* if for no other reason. Likewise, the evidence of plaintiff that the fact that he had been indicted and charged with temporary larceny was generally known in Jonesville and in Elkins, where the defendant lived and had his place of business, was admissible.

The defendant renewed his motion for judgment of nonsuit at the conclusion of all the evidence. In respect to same the record discloses the following which is the subject matter of one of defendant's exceptive assignments of error, to wit:

"(Mr. Folger: We move for judgment as of nonsuit.

"The Court: Motion allowed.

"Mr. Woltz: I didn't understand,—what was your Honor's ruling?

"The Court: Motion allowed. There is a serious defect in the record. If you want to re-open and introduce that the court will allow you to do so.

(Recess ten minutes.)

"The Court: You did not introduce the summons, which is very material.

"Mr. Woltz: I would like to introduce the summons, then, your Honor.)

"The part enclosed in parentheses is Exception No. 7."

The record does not disclose that objection was made to any part of the foregoing proceedings but it is made the subject matter of an exception which apparently was not entered at the time.

Is the exception directed to the action of the court in granting the motion of nonsuit or to the remark of the court that "there is a serious defect in the record," or to his offer to re-open the case to permit the plaintiff to introduce the summons? As to this we are required to guess. In any event, a 10-minute recess was had before any exception was entered. Likewise, whether the exception is directed to the remark of the court after reconvening that "you did not introduce the summons, which is very material," or, the statement of counsel that he would like to introduce the summons is left in doubt. In any event, the exception cannot be sustained.

It is altogether discretionary with the presiding judge whether he will re-open the case and admit additional testimony after the conclusion of the evidence and even after argument of counsel. *Williams v. Averitt,* 10 N. C., 308; *Ferrell v. Hinton,* 161 N. C., 348, 77 S. E., 224; *Worth v. Ferguson,* 122 N. C., 381; *Dupree v. Ins. Co.,* 93 N. C., 237. When the ends of justice require this may be done even after the jury has retired. *Parish v. Fite,* 6 N. C., 258; see also *Gregg v. Mallett,* 111 N. C., 74, and *Wood v. Sawyer,* 61 N. C., 251, at p. 274.

The summons was a matter of record. Its introduction did not take the defendant by surprise or improperly prejudice his cause. Nor may the remarks of the court be held for error. The presiding judge is something more than an umpire. It is his duty to see to it that each side has a fair and impartial trial. It is within his discretion to take any action to this end within the law and so long as he does not impinge upon the restrictions contained in C. S., 564. The remarks of the court, even if properly excepted to, do not constitute the expression of an opinion that a fact is fully or sufficiently proven. *S. v. Brown,* 100 N. C., 519.

The court was correct in its interpretation of the complaint and in its conclusion that plaintiff's cause of action is for malicious prosecution. The evidence tends to establish the essential elements which are

necessary as a basis for recovery in such action. *Mooney v. Mull,* 216 N. C., 410; *Overton v. Combs,* 182 N. C., 4, 108 S. E., 357; and was such as required its submission to a jury.

That the defendant procured the issuance of a warrant against the plaintiff and his arrest and trial before a magistrate thereunder and the warrant was issued maliciously and without probable cause is sufficient when it appears that the prosecution has been terminated. When the warrant was issued and the plaintiff was arrested thereunder there was an interference with the plaintiff's person and there had been a "prosecution" within the meaning of the law. *Overton v. Combs, supra; Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577.

The court instructed the jury to the effect that the groundlessness of the suit or the want of probable cause is evidence to be considered by the jury on the question of malice or malicious motive. In this there was no error. *Turnage v. Austin,* 186 N. C., 266, 119 S. E., 359; *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Bowen v. Pollard & Co.,* 173 N. C., 129, 91 S. E., 711; *Humphries v. Edwards,* 164 N. C., 154, 80 S. E., 165. Nor was there error in the court's definitions of legal malice such as is required to support an award of compensatory damages.

The defendant did not testify and offered no evidence tending to establish good faith and the existence of probable cause upon the facts as they appeared to him at the time he secured the issuance of the warrant. The court instructed the jury as to what constituted probable cause and charged that the action of the justice of the peace constituted *prima facie* evidence thereof. If there was any error in its failure to charge as to what facts would constitute probable cause, such error was favorable to the defendant.

Upon the record as presented to us no facts appear sufficient to show probable cause within the knowledge of the defendant at the time of the issuance of the warrant. As he delivered the automobile to the plaintiff there was no asportation. While he here contends that possession was obtained by trick there was no evidence to sustain the contention. The fact of the wreck and the circumstances thereof had been explained to him and the plaintiff had offered to pay the damages. The charge on this phase of the case was as favorable as the defendant could demand.

We have examined the other exceptive assignments of error and find in none of them cause for disturbing the verdict.