### STATE v. ROBERT A. EAGLE.

(Filed 2 February, 1951.)

**1. Criminal Law § 48e—**

When the interests of justice require, evidence may be offered even after the argument of counsel, but perforce the solicitor is not entitled to exhibit to the jury in his argument an object which has not been identified and introduced in evidence.

**2. Automobiles § 30d: Criminal Law § 50f—**

Where the quantity of whiskey remaining in a bottle taken from defendant after his arrest is stressed by both sides in a prosecution for drunken driving as having a material bearing upon defendant's condition at the time of his arrest, but the bottle is not introduced in evidence, the statement of the solicitor in his argument that he had the bottle in a paper sack and was willing to show it to the jury, is improper, and upon defendant's objection thereto, the error is not rendered harmless by an instruction that the solicitor had offered to let the bottle be offered *in evidence* at that time but that defendant's counsel objected to this statement and that the jury should not consider the argument at all.

APPEAL by defendant from *Clement, J.,* February Term, 1950, of FORSYTH.

Criminal action tried upon a warrant charging the defendant with operating a motor vehicle upon the public highways of North Carolina while under the influence of intoxicating liquor or narcotics.

The State offered evidence tending to show the defendant drove his automobile upon a public highway of the State, while under the influence of intoxicating liquor.

The arresting officer testified he took a fifth Schenley bottle from the defendant's car at the time he arrested him, on 16 December, 1949; that it was about one-third full of whiskey, and that he sealed the bottle and had kept it in his car ever since. "I brought it up here today with me. . . . I have it in the Patrol car. It is not up here." The bottle was never identified or offered in evidence.

The defendant denied that he was under the influence of liquor at the time of his arrest; but admitted he and three friends, shortly before his arrest, had taken two drinks each from the fifth of Schenley whiskey he had in his car. He testified the bottle was more than half full of whiskey when it was taken by the arresting officer; that he had been on a deer hunt in Maryland with one of his business associates; that he had not slept in approximately 38 hours, and was en route to his home in Statesville at the time of his arrest.

After the evidence was closed and counsel for the defendant had concluded his argument, and while the Solicitor for the State was arguing the case, the Solicitor stated in reply to an argument by defendant's counsel as to why the whiskey bottle the officer had testified he took out of the defendant's car had not been produced and offered in evidence, that he had sent for the bottle while defendant's counsel was arguing the case, and now had it in a paper sack and was willing for it to be shown to the jury. The defendant objected to the Solicitor's argument on the ground that it was prejudicial and improper, and moved the court to instruct the jury not to consider it. Whereupon, the court stated: "Well, he says that he is willing for them to see it now." Defendant's counsel in reply to the court, said: "I know he does, your Honor, but that is highly prejudicial to this defendant for the Solicitor to go outside of the record and to try to mend his licks after he has heard my argument and contentions."

Motion denied, and defendant in apt time excepted.

The defendant then moved for a mistrial on the ground that there was no testimony in the record that the bottle referred to by the Solicitor was the bottle the defendant had on the occasion in question. Motion denied. Exception.

From a verdict of guilty and the judgment imposed, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Higgins & McMichael for defendant.*

DENNY, J.  The question posed for decision is whether the failure of the trial judge to sustain the defendant's objection to the proposal of the Solicitor to exhibit an unidentified bottle of whiskey to the jury for its inspection and examination for the evident purpose of bolstering the State's evidence against the defendant, constitutes prejudicial error in light of the following instruction given by the trial judge in his charge to the jury: "There is some evidence in the trial of the case here about a bottle of whiskey being found in the car.  The Solicitor, in his argument, stated to counsel for the .defendant that he would be willing to let the bottle be offered in evidence at that time.  The defendant's counsel objected to the statement.  You will not consider that argument at all; just disregard that."

It is apparent counsel for defendant argued strenuously to the jury that the defendant and his three friends had consumed less than half of a fifth of whiskey during the afternoon in question, and in support of his argument had pointed out the State's failure to introduce the bottle of whiskey taken from the defendant's car.  Of course the real question before the jury was whether or not the defendant had driven his automobile upon a public highway of the State while under the influence of an intoxicating liquor.  However, the Solicitor and counsel for the defendant choose to stress their respective contentions as to the amount of whiskey the defendant and his three friends had consumed during the afternoon, prior to the arrest of the defendant, emphasizing the evidence of their respective witnesses as to the amount of liquor remaining in the bottle at the time it was taken from the defendant's car, as having a material bearing on the defendant's condition at the time of his arrest.  The offer by the Solicitor to exhibit the unidentified bottle of whiskey to the jury, for the purpose of refuting the argument made by defendant's counsel and in effect to bolster the State's contentions, was improper and the objection thereto by the defendant should have been sustained, and the jury instructed not to consider it.

If in the opinion of the Solicitor the ends of justice required the exhibition to the jury of the bottle of whiskey taken from the defendant's car at the time of his arrest, the bottle should have been identified and introduced in evidence at the proper time during the course of the trial, or a motion made to reopen the case and permit its identification and introduction in evidence. *S. v. Perry,* 231 N.C. 467, 57 S.E. 2d 774; *Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708; *Ferrell v. Hinton,* 161 N.C. 348, 77 S.E. 224; *Dupree v. Insurance Co.,* 93 N.C. 237; *S. v. Harris,*

63 N.C. 1. When the ends of justice require it, evidence may be offered even after the argument of counsel, *Williams v. Averitt,* 10 N.C. 308, or after the jury has retired, *S. v. Noblett,* 47 N.C. 418.

Now, as to the charge, it is clear that his Honor did not understand what the Solicitor proposed to do in connection with the bottle of whiskey he had sent for during the argument of defendant's counsel, or inadvertently stated that the Solicitor proposed to offer the bottle of whiskey in evidence. The Solicitor at no time, according to the record, proposed to offer the bottle of whiskey in evidence, but merely to exhibit it to the jury. The further statement by the court to the effect that "defendant's counsel objected to the statement," may have given the jury the impression that defendant's counsel had objected to the introduction of the bottle of whiskey in evidence, which was not the case. This may have prejudiced the jury against the defendant, and the fact that the Solicitor abandoned his proposal to exhibit the bottle of whiskey to the jury, is immaterial. The damage, if any, was done. And while ordinarily an error such as that complained of may be cured in the charge, *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146, we think the mere statement "You will not consider that argument at all; just disregard that," was insufficient to cure the error in failing to sustain the defendant's objection and exception theretofore interposed.

As to what constitutes improper argument, and the effect of the rulings of the trial court with respect thereto, see *S. v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466; *S. v. Correll,* 229 N.C. 640, 50 S.E. 2d 717; *S. v. Tucker,* 190 N.C. 708, 130 S.E. 720, and cited cases.

We think the defendant is entitled to a new trial, and it is so ordered.

New trial.