## STATE v. COY TYNDALL.

(Filed 29 October, 1952.)

**Criminal Law § 50h—**

The bringing into the courtroom of two jars of nontax-paid whiskey by an officer at the end of the solicitor's argument is improper, the exhibits not having been offered in evidence, but where it appears that the solicitor was not responsible therefor and that the trial judge categorically charged the jury not to consider the jars of whiskey and no reference thereto was made in the argument, the incident does not constitute prejudicial error.

APPEAL by defendant from *Grady, Emergency Judge,* March Term, 1952, of LENOIR.

Criminal prosecution, tried upon a warrant charging the defendant with the sale of nontax-paid whiskey. There was a verdict of guilty and from the judgment imposed, defendant appeals and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Love, and Robert L. Emanuel, Member of Staff, for the State.*

*J. Frank Wooten and John G. Dawson for defendant, appellant.*

DENNY, J. The appellant makes no contention that the evidence offered in the trial below was insufficient to carry the case to the jury and to support the verdict rendered. He seeks a new trial bottomed solely upon an incident that occurred while the solicitor was arguing the case to the jury.

The State offered evidence to the effect that on Sunday morning, 13 January, 1952, between 8:30 and 9:00 o'clock, two members of the Police Department of the City of Kinston, while passing the house of the defendant, saw a man coming out of the house. He had a paper sack in his hand; and as the police car approached, he threw the sack down. The officers stopped and picked the bag up and found that it contained a half-gallon jar of nontax-paid whiskey. The man who threw this whiskey down was identified and testified at the trial that he purchased it from the defendant. The officers took the whiskey and went to obtain a search warrant to authorize them to search the defendant's home. When they returned with the search warrant, they saw another man coming out of defendant's home with a half-gallon jar of nontax-paid whiskey. The officers had to run the second man down. He was caught and they took

possession of his whiskey. Immediately thereafter, the officers searched the home of the defendant and found no whiskey.

The whiskey taken by the officers was not brought into court and identified and offered in evidence at the trial below. Mr. Wooten, one of the counsel for defendant, in his argument to the jury, commented on this fact and states in the assignment of error, "I challenged them as to that whiskey; . . ." About the time the solicitor finished his argument, and while the presiding judge was temporarily out of the courtroom, an officer brought the two half-gallon jars of nontax-paid whiskey in the courtroom and placed them on a table near the solicitor. After the solicitor had finished his argument, and immediately upon the return of the judge to the courtroom, Mr. Wooten called his attention to the presence of the liquor and stated that since it had not been introduced in evidence, he objected and excepted to its presence. His Honor said: "I think I can correct that." The court proceeded immediately to charge the jury, and in the charge with respect to the presence of the whiskey, gave the following instruction: "With reference to those two bottles of whiskey over there: They were not offered in evidence during the trial, and you need not pay any attention to them, gentlemen. You will only consider the evidence that came from the lips of the witnesses as they testified."

It was improper for the officer to bring the whiskey in court and display it in the presence of the jury, since it had not been offered in evidence. And this is true even though it is indicated by the record that the officer did exactly what the defendant's counsel had challenged the State to do. However, there is nothing to indicate that the solicitor was responsible for the presence of the whiskey in the courtroom, or that he offered any improper argument to the jury in respect thereto as was the case in *S. v. Eagles,* 233 N.C. 218, 63 S.E. 2d 170, where we held the charge of the court was insufficient to cure the error in failing to sustain the defendant's objection and exception theretofore interposed.

In our opinion, the instruction given by the court in the trial below was sufficient to cure any prejudicial effect the incident might otherwise have had upon the jury. *S. v. Correll,* 229 N.C. 640, 50 S.E. 2d 717; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705; *S. v. Ballard,* 191 N.C. 122, 131 S.E. 370.

The judgment of the court below will be upheld.

No error.