STATE OF NORTH CAROLINA v. EDWARD THEODORE RAY
No. 6814SC406

(Filed 15 January 1969)

**1. Criminal Law § 15— motion for change of venire**

In prosecutions for kidnapping and robbery, assignments of error relating to trial court's failure to sustain defendant's motion for change of the venire and his motion for the call of a special venire from a contiguous county *are held* without merit.

**2. Grand Jury § 3; Jury § 7— challenge to racial composition of grand and petit juries**

In prosecutions for kidnapping and robbery, assignments of error relating to (1) trial court's failure to sustain defendant's motion to quash the bills of indictment on ground that Negroes were systematically excluded from service upon the grand jury solely by reason of their race and (2) trial court's failure to sustain defendant's challenge to the array of petit jurors for the same reason *are held* without merit.

**3. Criminal Law § 84— admission of seized article**

In prosecutions for kidnapping and robbery, defendant's contention that trial court erred in failing to exclude a shirt belonging to defendant on the ground that the shirt was illegally seized *is held* without merit.

**4. Criminal Law § 42— articles connected with crime — identification**

In prosecutions for robbery and kidnapping, trial court did not err in allowing State's witness to identify a carton of cigarettes and a sales slip as articles being in defendant's possession on the date of the offense, the State attempting to show that the prosecuting witness had purchased the article earlier in the day, and the defendant's contention that the State "flaunted" the exhibit before the jury is not supported by the record.

APPEAL by defendant from *Bailey, J.,* 11 October 1967 Regular Criminal Session, Superior Court of DURHAM.

Defendant was tried on separate bills of indictment charging kidnapping and robbery. The cases were consolidated for trial. Defendant pleaded not guilty, and, from a verdict of guilty as charged in each bill of indictment and judgments entered thereon, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harry W. McGalliard and Deputy Attorney General James F. Bullock for the State.*

*C. C. Malone, Jr., for defendant appellant.*

MORRIS, J.

This is a companion case to *State v. Edward Theodore Ray,* 274 N.C. 556, 164 S.E. 2d 457. In that case defendant appealed

from a verdict of guilty as charged to the capital offense of rape with recommendation that punishment be imprisonment in the State's Prison for life. Defendant was tried on that charge at the April 1967 Session of Durham Superior Court. That charge and the convictions from which he now appeals arose from the same occurrence. As was noted in Chief Justice Parker's opinion in *S. v. Ray, supra,* defendant was represented by his court-appointed attorneys, C. C. Malone, Jr., and R. Roy Mitchell, Jr. From both convictions he was permitted to appeal *in forma pauperis.* For each appeal, the County of Durham was ordered to furnish his counsel a transcript of the trial, and the County of Durham was ordered to pay the cost of mimeographing the appeal and the brief of his counsel. In this Court, as in the Supreme Court, a writ of *certiorari* was allowed, upon petition of defendant's counsel, C. C. Malone, Jr., giving him additional time within which to prepare and docket his case on appeal. On 29 July 1968, this Court entered an order granting additional time and directing that case on appeal be docketed in this Court by 10:00 a.m., Tuesday, 3 September 1968. The case on appeal was not docketed until 5 September 1968. Under the rules of practice in this Court, the delay beyond the time granted subjects this appeal to dismissal. Nevertheless, we have carefully examined all defendant's assignments of error and find no prejudicial error in his trial.

[1, 2]    Assignments of error Nos. 1 and 2 relate to the court's failure to sustain defendant's motion for a change of the venire and his motion for the call of a special venire from a contiguous county. Assignment of error No. 3 is addressed to the court's failure to sustain defendant's motion to quash the bills of indictment upon the ground that Negroes were systematically excluded from service upon the grand jury solely by reason of their race and in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of these United States and Article I, Section 17, of the Constitution of North Carolina. Assignment of error No. 5 is addressed to the court's failure to sustain defendant's challenge to the array of petit jurors for the same reason.

These questions were before the Court in *S. v. Ray, supra.* We find no substantial difference in the evidence presented in this case in support of defendant's position. The arguments advanced here in defendant's brief are identical to the arguments advanced in the Supreme Court. We think the opinion of Parker, C.J., in *S. v. Ray, supra,* holding these arguments to be without merit is decisive of these questions and we so hold.

[3]    Defendant further contends that the trial tribunal committed prejudicial error in allowing State's Exhibit #9 to be introduced into evidence. State's Exhibit #9 was a dark blue shirt belonging to defendant which defendant contends was illegally obtained by an officer with other articles of clothing belonging to the defendant. The reasons advanced by defendant to sustain his contention are the same as those advanced by him in his appeal to the Supreme Court with respect to the same exhibit, in that case State's Exhibit #18. As to this assignment of error, S. v. Ray, supra, is controlling and assignment of error No. 7 is overruled.

[4]    Defendant's remaining assignment of error is addressed to the trial court's failure to sustain defendant's objection to testimony regarding State's Exhibit #6 and the identification of this exhibit. Defendant, in his brief, states that the "State exposed and flaunted this exhibit before the jury without offering to introduce same into evidence." The record before us is devoid of any evidence or indication that the State "flaunted" this exhibit before the jury. There is no exception taken to any comment of the solicitor to the jury. This particular exhibit, cigarettes and sales slip, was identified by the prosecuting witness as being "in all respects similar to those purchased (by her) at Eckerd's on the night in question." The assistant manager of Eckerd's testified that on the night in question cigarettes were being sold at a reduced price; that this brand of cigarettes was on sale for $1.99 per carton; that the sales slip, part of Exhibit #6, was a sales slip for merchandise bought at Eckerd's; that it was dated 7 December 1966, the date this offense occurred; that the number on the sales slip indicated that the merchandise was sold at the tobacco counter; that the rest of State's Exhibit #6 — cigarettes and paper bag — were in all respects similar to the cigarettes being sold and paper bag in which cigarettes were placed at Eckerd's on Broad Street. State's Exhibit #6 was identified by Mrs. Mary Ann Gibson. She testified that defendant lived at her house, with the permission of her husband; that he paid no rent and contributed nothing to the expense of the home; that he slept on a sofa in the living room and she, her husband and two children occupied the bedroom; that defendant left her home the evening of 7 December and returned about 9:30; that she opened the door for him and he had a paper bag; that she saw the bag later in the week and it contained cigarettes; that she gave the bag containing the cigarettes to the officer the day after defendant left her home. Over defendant's objection, she identified State's Exhibit #6. Defendant's exception to the court's overruling his objection is the basis for defendant's assignment of error No. 6. According to the record, at the

close of the State's evidence, State's Exhibit #6, with other exhibits, was received in evidence. The record does not indicate that any objection was made by defendant to the introduction thereof.

*State v. Eagle,* 233 N.C. 218, 63 S.E. 2d 170, is cited by defendant as authority for his position. In that case, the defendant objected to the solicitor's argument and particularly to the solicitor's stating to the jury that he was willing for a whiskey bottle *which had not been identified nor introduced into evidence during the trial* then to be shown to the jury and that he had sent for it to be brought to the courtroom. We do not think that case is applicable here.

In allowing the witness to identify the exhibit, the trial court did not commit prejudicial error.

In the trial below, we find

No error.

MALLARD, C.J., and CAMPBELL, J., concur.