STATE OF NORTH CAROLINA v. FRANKLIN EARL MURRAY

No. 814SC561

(Filed 1 December 1981)

**Criminal Law § 114.3— repetition of jury charge—no prejudicial error**

Where defendant was convicted of attempted armed robbery and con-
spiracy to commit armed robbery, and the trial judge repeated the final man-
date to the jury on the conspiracy charge, prefacing the repetition as follows:
"Now, Members of the Jury, I'm going to summarize that charge to you
again," the repetition did not constitute an expression of opinion by the court
upon the evidence and the record failed to disclose any prejudice to defendant
by the repetition. N.C. Gen. Stat. § 15A-1232.

APPEAL by defendant from *Rouse, Judge.* Judgments entered
30 September 1980 in Superior Court, DUPLIN County. Heard in
the Court of Appeals 12 November 1981.

*Attorney General Edmisten, by Associate Attorney General
Thomas J. Ziko, for the State.*

*Louis Jordan for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant was convicted on proper bills of indictment of at-
tempted armed robbery and conspiracy to commit armed robbery.
On appeal he contends that the court erred in repeating a portion
of its charge on conspiracy. The trial judge repeated the final
mandate to the jury on the conspiracy charge, practically ver-
batim. He prefaced the repetition as follows: "Now, Members of
the Jury, I'm going to summarize that charge to you again." The
record fails to disclose any prejudice to defendant by the repeti-
tion. There are many reasons why a trial judge may repeat a part
of the charge: he may feel that he spoke too softly or that a noise
interfered with the jury's ability to hear what he said; he may
have noticed that a juror was not paying attention to his instruc-

tions or that there was an expression of puzzlement or confusion on a juror's face. The trial judge has wide discretion in *how* he charges the jury. In the absence of a showing of prejudice or manifest abuse of discretion, we will not disturb the verdicts for this reason. *See Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708 (1940).

Nor do we find that the repetition constitutes an expression of opinion by the court upon the evidence. Defendant was not deprived of a fair and impartial trial. *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974); N.C. Gen. Stat. § 15A-1232 (1978).

Defendant also argues that the court expressed an opinion on the evidence in the following part of the charge:

> One of the contentions of the State is that the defendant, Murray, is guilty of a charge of attempted robbery with a firearm as a co-conspirator even though he did not personally participate in any of the acts constituting the alleged attempted robbery. If the defendant was a party to the conspiracy as a party to the conspiracy, he would be equally guilty as a principal with the other participants in the commission of the crimes contemplated by the conspiracy. It makes no difference that the defendant was not personally present when those crimes were committed. For once a conspiracy is shown each conspirator is responsible for all acts committed by the other in execution of the common purpose which are a natural or probable consequence of the unlawful combination or undertaking. Even though such acts are not intended or contemplated as a part of the original design.

The argument is meritless. Our Supreme Court approved a substantially identical charge in *State v. Smith,* 221 N.C. 400, 20 S.E. 2d 360 (1942). *See also State v. Bindyke,* 288 N.C. 608, 220 S.E. 2d 521 (1975); *State v. Grier,* 30 N.C. App. 281, 227 S.E. 2d 126 (1976).

Finally, defendant contends that the court committed error by gesturing or pointing his finger at the jury during his charge. The record contains no evidence or finding that the court gestured during the charge. Assuming that the court did use gestures in instructing the jury, no inference of impropriety arises therefrom. Appellant would have to show on appeal that such actions resulted in prejudice to him, depriving him of a fair and impartial trial. *State v. Greene, supra.*

No error.

Judges HEDRICK and CLARK concur.