TYSON, Judge.
 

 *21
 
 Respondent, the mother of the juveniles S.G.V.S. and D.D.R.S., appeals from orders terminating her parental rights and denying her motion to re-open the evidence pursuant to Rule 59. We reverse and remand.
 

 *22
 

 I. Background
 

 On 16 April 2015, three-year-old S.G.V.S. walked unaccompanied into a gas station. S.G.V.S. was carrying a bag with diapers, wipes, and a phone, and she had a bruise on her nose. Respondent was located and met with social workers from the Haywood County Department of Health and Human Services ("DHHS") and the police at her home. Respondent reported that she had locked the door and pushed furniture in front of it to prevent S.G.V.S. from leaving the home, but S.G.V.S. had pushed a recliner in front of the door and gotten out. Respondent entered into a safety plan, and DHHS installed door and window alarms, locks, and other items to secure the home.
 

 On 17 April 2015, sometime before 2 a.m., S.G.V.S. was again found walking alone in the street. Her two-year-old brother, D.D.R.S., was also found crying in the middle of the street. Respondent was charged with misdemeanor child abuse, and DHHS took 12-hour emergency custody of the juveniles.
 

 On 17 April 2015, DHHS filed petitions alleging S.G.V.S. and D.D.R.S. were abused, neglected, and dependent juveniles. DHHS alleged Respondent had an extensive history with Child Protective Services, noting her prior issues included drug abuse, domestic
 
 *720
 
 violence, mental instability, and improper supervision. Two of Respondent's older children were in the guardianship of their maternal grandparents. Respondent's other two children were in the custody of their respective fathers.
 

 On 30 June 2015, the trial court adjudicated S.G.V.S. and D.D.R.S. to be neglected and dependent juveniles. The trial court established a permanent plan of reunification. After the initial six-month review hearing, the trial court adopted concurrent permanent plans of guardianship and reunification on 6 January 2016.
 

 A permanency planning review was held on 9 and 10 August 2016. The trial court determined that further reunification efforts would be unsuccessful and inconsistent with the juveniles' health and safety. In an order filed 9 September 2016, the court modified the permanent plan to concurrent plans of adoption and legal guardianship. By notice filed 26 September 2016, Respondent properly reserved her right to appeal this issue.
 

 DHHS filed petitions to terminate Respondent's parental rights ("TPR") on 7 October 2016. The TPR hearing began on 13 December 2016. During the hearing, a foster care social worker testified that Respondent had a pending criminal charge of second-degree trespassing
 
 *23
 
 in Buncombe County, and her trial was calendared for 18 January 2017. When it became apparent that there was not enough time remaining to complete the hearing that day, the court and counsel agreed the hearing would be continued until 18 January 2017. The court's written order on the continuance indicates the hearing would be continued to "January 18 & 19, 2017."
 

 At the outset of the termination hearing on 18 January 2017, Respondent's attorney was present and moved to continue the hearing until the following day. She asserted Respondent was present and awaiting trial in Buncombe County District Court on the trespassing charge. The trial court denied counsel's motion, insisting Respondent "had time to go to Buncombe County and get her case continued this morning and be here." The trial court conducted the remainder of the hearing, hearing DHHS' remaining evidence without Respondent present. Respondent's attorney offered no evidence.
 

 At the conclusion of the adjudicatory stage, the court announced in open court it would find the grounds of neglect and dependency existed for termination. At the conclusion of the best interest testimony offered by DHHS, Respondent's counsel again requested the matter be held open so that her client could appear and testify. The trial court also denied this motion.
 

 On 10 February 2017, prior to entry of the court's written termination order, Respondent filed a Rule 59(a)(1) motion to re-open the evidence.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 59 (2017). Respondent's motion included the following statement:
 

 The Respondent Mother attended her criminal court date in Buncombe County on January 18, 2017, and was found guilty of second degree trespass and given 3 days time served. The matter had been on at least 6 times prior, all parties and witnesses were present on that date, it was marked for trial and in fact went to trial at approximately 4:00pm on that date. The Court in that matter was not going to allow the Respondent Mother to continue the matter any further, nor was that Court going to allow her to leave that Court to attend her TPR hearing in Haywood County DHHS Court. Undersigned counsel has verified this information with the Respondent Mother's criminal attorney in that matter[.]
 

 Respondent cited North Carolina Rule of Civil Procedure, Rule 59(a)(1) and asserted she had a right to present evidence at the termination
 
 *24
 
 hearing, and argued the trial court should re-open the case to allow her to present evidence in the interest of fairness and equity.
 

 Later on 10 February 2017, the written order was filed, with its conclusion that grounds existed to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (6). In the disposition order filed the same day, the court concluded termination was in the juveniles' best interests and terminated Respondent's parental rights.
 

 On 17 May 2017, the trial court entered an order denying Respondent's motion to re-open the evidence. The court found Respondent
 
 *721
 
 had been advised by her attorney in the courtroom on 13 December 2016 that she would need to have her Buncombe County criminal matter continued so she could be present for the termination hearing. The court further found it had "heard no evidence that the Respondent Mother could not physically attend the TPR hearing regarding her children, just that she chose to attend criminal court regarding her misdemeanor charge, rather than the TPR hearing regarding her children." Respondent appeals.
 

 II. Issue
 

 Respondent's sole argument on appeal is that the trial court abused its discretion by denying her motion to re-open the evidence.
 

 III. Standard of Review
 

 Whether to re-open a case to admit additional evidence after the parties have rested generally rests within the trial court's discretion.
 
 In re A.B.
 
 ,
 
 239 N.C. App. 157
 
 , 171,
 
 768 S.E.2d 573
 
 , 581 (2015).
 

 [W]here matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason.
 

 White v. White
 
 ,
 
 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985) (citations omitted).
 

 "Reversal is warranted where a trial court acts under a misapprehension of the law."
 
 In re M.K.
 
 ,
 
 241 N.C. App. 467
 
 , 475,
 
 773 S.E.2d 535
 
 , 541 (2015). "[W]here it appears that the judge below has ruled upon matter before him upon a misapprehension of the law, the cause will be remanded ... for further hearing in the true legal light."
 
 Capps v. Lynch
 
 ,
 
 253 N.C. 18
 
 , 22,
 
 116 S.E.2d 137
 
 , 141 (1960) (citation and internal quotation marks omitted).
 

 *25
 

 IV. Analysis
 

 A. "Fundamental Liberty Interest"
 

 Respondent asserts she was denied a fair trial because she had a right to present "her side of the story" at the termination and best interests hearing through sworn testimony.
 

 Our Supreme Court has recognized that a parent's "right to retain custody of their child and to determine the care and supervision suitable for their child, is a 'fundamental liberty interest' which warrants due process protection."
 
 In re Montgomery
 
 ,
 
 311 N.C. 101
 
 , 106,
 
 316 S.E.2d 246
 
 , 250 (1984) (citing
 
 Stanley v. Illinois
 
 ,
 
 405 U.S. 645
 
 ,
 
 92 S.Ct. 1208
 
 ,
 
 31 L.Ed.2d 551
 
 (1972) and
 
 Santosky v. Kramer
 
 ,
 
 455 U.S. 745
 
 ,
 
 102 S.Ct. 1388
 
 ,
 
 71 L.Ed.2d 599
 
 (1982) ).
 

 "Due process of law formulates a flexible concept, to insure fundamental fairness in judicial or administrative proceedings which may adversely affect the protected rights of an individual."
 
 In re Lamm
 
 ,
 
 116 N.C. App. 382
 
 , 385,
 
 448 S.E.2d 125
 
 , 128 (1994) (citations omitted),
 
 aff'd
 
 ,
 
 341 N.C. 196
 
 ,
 
 458 S.E.2d 921
 
 (1995),
 
 cert. denied
 
 ,
 
 516 U.S. 1047
 
 ,
 
 116 S.Ct. 708
 
 ,
 
 133 L.Ed.2d 663
 
 (1996).
 

 Pursuant to Rule 59(a)(1), a new trial may be granted due to "any irregularity by which any party was prevented from having a fair trial." N.C. Gen. Stat. § 1A-1, Rule 59(a)(1). The trial court has both the discretion and authority to "re-open the case and admit additional testimony after the conclusion of the evidence and even after argument of counsel."
 
 Miller v. Greenwood
 
 ,
 
 218 N.C. 146
 
 , 150,
 
 10 S.E.2d 708
 
 , 710 (1940) (citations omitted). A trial court "may even re-open the evidence weeks after holding the original hearing or, when the ends of justice require[.]"
 
 In re B.S.O.,
 

 225 N.C. App. 541
 
 , 543,
 
 740 S.E.2d 483
 
 , 484 (2013) (citations and internal quotation marks omitted).
 

 This Court has held that while due process does not provide a parent with an absolute right to be present at a termination hearing,
 
 In re Murphy
 
 ,
 
 105 N.C. App. 651
 
 , 654,
 
 414 S.E.2d 396
 
 , 398,
 
 aff'd
 
 ,
 
 332 N.C. 663
 
 ,
 
 422 S.E.2d 577
 
 (1992), the magnitude of "the private interests affected by the proceeding, clearly weighs in favor of a parent's presence at the hearing."
 
 In re Quevedo
 
 ,
 
 106 N.C. App. 574
 
 , 580,
 
 419 S.E.2d 158
 
 , 160 (1992).
 

 At the hearing on Respondent's motion to re-open the evidence, the trial court asked why Respondent did not call her attorney "and say I need you to move it, I need you to do something?"
 

 Respondent answered that she had called her criminal defense attorney and asked him to seek a continuance in her criminal matter.
 

 *722
 

 *26
 
 She told the court that she thought she "had two days on our [TPR] court date." Although the court's written order on the continuance indicates the hearing would be continued to "January 18 & 19, 2017[,]" the trial court responded that "was your mistake, not mine, because I made a very valid-I mean, a very-I told you it would be two o'clock that day."
 

 The trial court insisted that the TPR hearing "took precedence over" the Respondent's previously calendared trial in criminal court. Respondent informed the court that if she had left her criminal court hearing, she would have been arrested for failure to appear.
 
 See
 
 N.C. Gen. Stat. § 15A-543 (2017) (any person released on bail who willfully fails to appear before any court or judicial official is subject to the criminal penalty of arrest for a Class 1 felony if the violator was released in connection with a felony charge or a Class 2 misdemeanor if the violator was released in connection with a misdemeanor charge.).
 

 The 13 December 2016 transcript is made part of the record on appeal and shows the trial court was aware that Respondent was previously scheduled to appear for criminal court on 18 January 2017 in Buncombe County, prior to setting 18 January 2017 as the return date for her termination hearing. The transcript also reflects the court offered to DHHS to hold the remainder of the TPR hearing on either 18 January 2017 at 2 p.m. or 19 January 2017 at 9 a.m. The record clearly shows the trial judge was aware of Respondent's previously scheduled criminal matter in an equal level court, but expected Respondent to obtain a continuance of that case so that she could appear at the termination hearing, in preference thereof.
 

 An appellate court should not disturb an order made under the discretionary power of Rule 59, unless the reviewing court "is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice."
 
 Worthington v. Bynum
 
 ,
 
 305 N.C. 478
 
 , 487,
 
 290 S.E.2d 599
 
 , 605 (1982). Here, the trial court found no evidence showed Respondent could not attend the termination hearing, and denied her motion to re-open the evidence. The trial court's order denying the motion to re-open the evidence states Respondent "chose" to attend her criminal trial rather than attend the termination hearing. We disagree. No evidence in the record supports this statement.
 

 B. Calendaring Criminal Cases
 

 In North Carolina, the calendaring of cases in criminal court is controlled by the district attorney, not by Respondent or her criminal defense attorney.
 
 See
 
 N.C. Gen. Stat. § 7A-61 (2017) ("The district attorney shall prepare the trial dockets[.]"). No showing supports the trial
 
 *27
 
 court's assertion that Respondent could or would have been allowed a continuance of her previously scheduled criminal trial, if she had so requested. The only choice available to Respondent on the face of this record was between attending her previously scheduled and pending criminal trial in Buncombe County and missing the termination hearing in Haywood County, or attending the termination hearing and facing a new criminal charge of failure to appear.
 
 See
 
 N.C. Gen. Stat. § 15A-543.
 

 As noted above, "[t]he 'Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.' "
 
 Owenby v. Young
 
 ,
 
 357 N.C. 142
 
 , 144,
 
 579 S.E.2d 264
 
 , 266 (2003) (quoting
 
 Troxel v. Granville,
 

 530 U.S. 57
 
 , 65-66,
 
 120 S.Ct. 2054
 
 ,
 
 147 L.Ed.2d 49
 
 , 56-57 (2000) ). This due process requires the courts "insure fundamental fairness in judicial or administrative proceedings which may adversely affect the protected [parental] rights of an individual."
 
 In re Lamm
 
 ,
 
 116 N.C. App. at 385
 
 ,
 
 448 S.E.2d at 128
 
 (citations omitted).
 

 We review the record before us and the magnitude of the interests at stake in terminating Respondent's parental rights to her two children. The trial court's refusal to continue the hearing to a different day and denial of the Rule 59 motion to allow Respondent to attend and participate results from a misapprehension of the law and is an unreasonable and substantial miscarriage of justice.
 
 Capps
 
 ,
 
 253 N.C. at 22
 
 ,
 
 116 S.E.2d at 141
 
 (citation and internal quotation marks omitted);
 
 Worthington
 
 ,
 
 305 N.C. at 487
 
 ,
 
 290 S.E.2d at 605
 
 . We reverse the trial court's
 
 *723
 
 order and remand this matter to district court for a new hearing to allow Respondent to be present and for additional evidence to be presented and taken.
 
 See
 
 id.
 

 V. Conclusion
 

 The district attorney, not Respondent or her attorney, controlled whether her pending criminal case would be continued. Respondent's Rule 59(a)(1) motion to re-open contains a verification by her Haywood County counsel, an officer of the court, that Respondent's counsel in the criminal case had confirmed no further continuance was available and Respondent was not free to leave the Buncombe County court on 18 January to "attend the TPR hearing in Haywood County DSS Court." The order denying Respondent's motion to re-open the evidence and the underlying orders appealed from terminating Respondent's parental rights are reversed.
 

 The case is remanded to the district court to allow Respondent to be present at the termination and best interests hearing, to assist her
 
 *28
 
 counsel with the direct and cross-examination of witnesses, to testify on her own behalf, and to present any other evidence in the adjudication and disposition stages of the hearing on DHHS' motion to terminate her parental rights.
 
 It is so ordered.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and DAVIS concur.