R. L. COBURN AND WIFE, MARTHA H. COBURN v. ROANOKE LAND AND TIMBER CORPORATION, COASTAL LUMBER COMPANY, L. B. BLACKMAN, B. H. OATES AND WIFE RUTH OATES, J. W. WELLS AND WIFE RUTH WELLS, K. P. LINDSLEY AND WIFE MURCEIL P. LINDSLEY, L. P. LINDSLEY AND WIFE MARGUERITE G. LINDSLEY.

(Filed 20 March 1963.)

**1. Appeal and Error § 41—**

The exclusion of evidence tending to show the authority of a commissioner to execute a deed constituting a link in plaintiffs' chain of title cannot be prejudicial when plaintiffs do not claim to have shown good paper title, and, as to color of title, have failed to show that the land in controversy was embraced within the descriptions in their deeds or that plaintiffs had been in adverse possession thereof.

**2. Reference § 11—**

Where plaintiff's evidence is insufficient to support recovery on the issue raised by the pleadings, the court, on appeal from the referee, properly refuses to submit an issue tendered by plaintiffs, and properly enters judgment dismissing the action.

**3. Appeal and Error § 21—**

An exception to the signing of the judgment will not be sustained when the unchallenged findings made by the court support the conclusions of law and the judgment based thereon.

APPEAL by plaintiffs from *Fountain, S.J.,* November 1962 Term of MARTIN.

Plaintiffs allege they are the owners of a tract of land in Martin County containing 87.79 acres. They ask to be adjudged the owners and to recover the value of the timber cut and removed therefrom by defendants Blackman and Timber Corporation, who acted pursuant to a deed from defendants Oates and Wells to Timber Corporation. Oates and Wells claim the timber by deed from defendants Lindsley.

Defendants, other than defendants Lindsley, denied plaintiffs were the owners of the land in controversy.

The cause was, at the January 1959 Term, referred. All parties excepted to the order of reference and demanded a jury trial.

Hearings were had by the referee on 11 and 12 July 1960. Plaintiffs were allowed to amend the complaint so as to correctly describe the land in controversy.

The referee filed his report 22 November 1961. He made 34 factual findings including a finding that plaintiffs claim title "(1) by possession under known and visible lines and boundaries under colorable title for more than seven years next preceding the commencement of this action adverse at all times to all other persons, and (2) by possession under known and visible lines and boundaries adversely to all other persons for more than twenty years next preceding the commencement of this action." In the findings the referee set out part of the testimony of the witnesses as it related to the location of the boundaries of the several deeds on which the parties relied. Following the evidentiary findings he concluded: "The evidence, considered in the light most favorable to plaintiffs, fails to show color of title to the 87.79 acres described on Court Map, and fails to show open, notorious, continuous and adverse possession for seven years under known and visible lines, next preceding the institution of this suit.

"III. That plaintiffs also relied on establishing their title by proof of twenty years' possession by known and visible lines, openly, continuously and adversely. The evidence, considered in the light most favorable to plaintiffs, fails to show that plaintiffs or either of them were in possession of the 87.79-acre tract of land openly, notoriously, continuously and adversely, and under known and visible lines for twenty years next preceding the institution of this suit."

Based on these conclusions the referee recommended: "That judgment be entered denying plaintiffs' prayer for relief herein, vacating and dismissing the injunction heretofore issued, and taxing the costs against plaintiffs."

Plaintiffs in apt time filed exceptions to the findings and factual conclusions made by the referee. Based on their exceptions they demanded a jury trial and tendered issues reading as follows:

"1. Is the line shown on the court map filed herein from A to B the true boundary line between the lands of the plaintiffs and the lands of the defendant Murceil P. Lindsley?

"2. Have the defendants Roanoke Land and Timber Corporation, Coastal Lumber Company and L. B. Blackman trespassed upon the lands of the plaintiffs lying on the north side of the line from A to B on the court map, and wrongfully cut and removed timber therefrom, as alleged in the Complaint?

"3. What amount of damages, if any, are the plaintiffs entitled to recover of said defendants?"

Judge Fountain, hearing plaintiffs' exceptions, concluded "the issues tendered by plaintiffs do not present the issues raised by the pleadings and evidence in this cause, and plaintiffs' motion for jury trial is overruled." The court thereupon reviewed the evidence taken by the referee and the exceptions filed by plaintiffs. He overruled each of plaintiffs' exceptions and approved and adopted as his own the findings of fact made by the referee. He expressly found: "That the plaintiff has failed to offer sufficient evidence of title and possession to the tract of land containing 87.79 acres shown on the map of the court surveyor and claimed by plaintiffs under their amendment to their complaint so that the description conforms to the lines shown on the map made by the court surveyor, either by record title, or adverse possession under color of title for seven years under known and visible lines continuously, notoriously and adversely or by adverse possession under known and visible lines for twenty years, openly, continuously and adversely."

Based on the findings so made the court concluded and adjudged that plaintiffs were not entitled to recover.

Plaintiffs excepted and appealed.

*R. L. Coburn and Griffin & Martin by R. L. Coburn for plaintiff appellants.*

*Pritchett & Cooke for J. W. Wells, Ruth Wells, B. H. Oates and Ruth Oates.*

*Peel & Peel and Bourne & Bourne by Henry C. Bourne for Roanoke Land and Timber Corporation, Coastal Lumber Company and L. B. Blackmore.*

RODMAN, J.   Among the deeds on which plaintiffs relied to support their claim of title was a deed executed in May 1879 by James E. Moore, commissioner, to John D. Biggs and Dennis Simmons. This deed recites that it was made pursuant to a decree of the Superior Court of Martin County in an action entitled *John D. Biggs and Company v. A. F. Dupree.* Plaintiffs in a hearing before the referee offered no evidence to support the recitals in the deed executed by Moore as commissioner. When the cause was called for hearing at the November Term 1962 on plaintiffs' exceptions to the report of the referee and defendants' motion to confirm the referee's report, plaintiffs asked leave to file an affidavit to the effect that Martin County Courthouse was burned in 1883, that a search had been made in the present clerk's office for the proceeding recited in the Moore deed, but no record of such proceeding could be found. The court declined to reopen the case for the purpose of taking further evidence. Plaintiffs assign this ruling as error.

The assignment cannot be sustained for two reasons: (1) Plaintiffs do not claim they have shown a good paper title. It was therefore immaterial whether Moore as commissioner had authority to convey. His deed would, if it described the land in controversy, constitute color of title; and possession thereunder for the requisite period would have sufficed to give title; but the referee found and the court approved that there was neither description nor possession of the land in controversy. (2) The right to offer evidence after a party has rested is a matter in the discretion of the trial court. *Builders Supply Co. v. Dixon,* 246 N.C. 136, 97 S.E. 2d 767; *Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708; *Russell v. Koonce,* 104 N.C. 237.

Plaintiffs' second exception and assignment of error "is to the order allowing appellees' motion for confirmation of the report of the Referee." While plaintiffs made specific exceptions to the findings by the referee, they did not except to the findings of fact made by the court.

The pleadings put in issue the question of title to the 87.79 acres. *Smith v. Pate,* 246 N.C. 63, 97 S.E. 2d 457; *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 540. The issues tendered by plaintiffs as to the location of the boundary separating the lands of plaintiffs from the lands of defendants Lindsley were not determinative of the controversy. If plaintiffs were not the owners of the lands described in the amended complaint, they were not entitled to recover. The court therefore properly declined to submit the question of boundary to the jury. *Cotton Mills v. Maslin,* 200 N.C. 328, 156 S.E. 484.

Plaintiffs' third and final exception and assignment of error is "to the signing of the judgment set out in the record." The unchallenged findings made by the court on its own review of the evidence supports the conclusion reached by the court and the judgment based thereon. It was proper, therefore, for it to sign the judgment.

No error.