McCURRY v. PAINTER

[146 N.C. App. 547 (2001)]

CAROLYN B. McCURRY, Plaintiff v. ANITA SHIVE PAINTER and MARK T. PAINTER, Defendants

No. COA00-678

(Filed 16 October 2001)

**1. Evidence— medical bills—negligence action—sufficient causal relationship**

There was a sufficient foundation for the admission of medical bills in an automobile negligence action where plaintiff testified that she began to experience severe pain and suffering in her neck, back, and shoulder immediately following the collision and a doctor's testimony established a causal relationship between the accident and the injuries.

**2. Evidence— medical bills—rebuttable presumption of reasonableness**

The reasonableness of plaintiff's medical bills in an automobile accident case was conclusively established under N.C.G.S. § 8-58.1 where plaintiff testified concerning her injuries and her medical treatment and introduced copies of her medical bills, but defendants presented no evidence and did not rebut the statutory presumption that the bills were reasonable.

**3. Appeal and Error— preservation of issues—failure to cite assignment of error**

An argument was not addressed on appeal where it did not cite an assignment of error and none of the assignments of error included any reference to the argument.

**4. Trials— reopening evidence after party rested—no abuse of discretion**

The trial court did not abuse its discretion in an automobile accident case by allowing plaintiff to reopen her case after she had rested where defendants moved to exclude testimony about plaintiff's medical bills on the grounds that she had failed to submit the bills to the jury in support of her testimony and the court allowed plaintiff to reopen her case for the limited purpose of introducing those bills.

Appeal by defendants from judgment entered 17 December 1999 by Judge Forrest Donald Bridges in Gaston County Superior Court. Heard in the Court of Appeals 16 May 2001.

*The Robinson Law Firm, PLLC, by William C. Robinson, for defendant-appellants.*

*James R. Carpenter for plaintiff-appellee.*

BIGGS, Judge.

On 17 December 1994 a car driven by Anita Shive Painter (defendant) and owned by her husband Mark T. Painter (collectively, defendants) struck a car operated by Carolyn McCurry (plaintiff). This appeal arises out of a civil negligence action brought as a result of that collision. The plaintiff filed suit against defendants on 15 March 1999, alleging that defendant's negligence had caused the accident, and that the accident was a proximate cause of plaintiff's injuries. Prior to trial, defendants stipulated to defendant's negligence as the cause of the accident. However, defendants denied that the accident had caused any injury or damage to plaintiff. Thus, there were two issues to be resolved: whether the accident caused plaintiff's injuries and, if so, what damages were owed to plaintiff.

The case came to trial on 13 December 1999. At trial, plaintiff testified concerning the accident, her injuries, and the medical treatment she sought following the collision. Plaintiff's testimony was that the accident had resulted in painful and debilitating injuries to her back, neck, and shoulders, as well as migraine headaches. Several lay witnesses also testified about the accident and about its effect on plaintiff. Dr. Wheeler, a physician who had treated plaintiff, testified about plaintiff's injuries, the tests and treatments that plaintiff had undergone, and about the causal relationship between plaintiff's complaints and the collision. Defendants did not put on evidence. The jury returned a verdict finding that defendant's negligence had proximately caused plaintiff's injuries, and awarding damages of $50,000. From this verdict and judgment, defendants appeal.

We note at the outset that defendants have not complied with the North Carolina Rules of Appellate Procedure. Specifically, N.C.R. App. P. 10(c)(1) requires that assignments of error "shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." Rule 10(c)(1). Defendants failed to state a legal basis for any of their assignments of error. Moreover, defendants did not comply with N.C.R. App. P. 28(b)(5), requiring an appellant to include with each argument that is briefed "a reference to the assignments of error pertinent to the question[.]" Rule 28(b)(5). Defendants' violation of these rules has made it difficult for this Court to address the

merits of their arguments. Nonetheless, in the interest of justice and pursuant to N.C.R. App. P. 2, where it is possible to connect an argument to a specific assignment of error, we will consider the substance of defendants' contentions. We note also that defendants have not presented arguments or case citations in support of assignments of error seven, eight, or nine, which address the trial judge's failure to grant defendant's motions for directed verdict and for a new trial; nor are these assignments of error cited in defendants' list of questions presented, or at the beginning of any of defendants' arguments. Therefore, pursuant to Rule 28(b)(5), these assignments of error are deemed abandoned, and will not be considered.

**[1]** Defendants contend first that there was an insufficient foundation for the admission of medical bills from the following health care providers: Presbyterian Hospital, Mecklenburg Radiology Associates, Dr. James Sanders, Rehability Center, and Mecklenburg Emergency Medicine. They contend that plaintiff (a) failed to introduce evidence that the medical procedures performed at these sites were reasonably necessary to treat her injuries, (b) failed to lay a foundation that the medical charges were reasonable in amount, and (c) failed to introduce expert testimony that these specific medical bills pertained to treatment of injuries proximately caused by defendants' negligence.

Medical bills are admissible in a negligence action, provided there is evidence of a causal relationship between the negligent act and the injury that is the subject of the medical bills. *Smith v. Pass*, 95 N.C. App. 243, 382 S.E.2d 781 (1989). Where there is no evidence that a defendant's negligence caused the illness or injury for which plaintiff seeks compensation, our courts have excluded the medical charges for treatment of that injury. *See, e.g., Gillikin v. Burbage*, 263 N.C. 317, 139 S.E.2d 753 (1965) ("not a scintilla of medical evidence" that plaintiff's injury resulted from accident six months earlier); *McNabb v. Town of Bryson City*, 82 N.C. App. 385, 346 S.E.2d 285 (1986) (plaintiff's evidence fails to establish causal relationship between motorcycle accident and later suicide attempt). However, if lay and expert evidence demonstrates a causal relationship between the negligent act and plaintiff's injuries, the medical charges for these injuries are admissible. *Smith v. Pass*, 95 N.C. App. at 253, 382 S.E.2d at 788. In *Smith v. Pass*, the plaintiff testified concerning the back pain she experienced following a collision. She also presented the testimony of a physician who had treated her for back injuries, starting around a month after the accident. The physician took a medical history, examined the plaintiff, and ordered a bone scan and x-rays.

This Court upheld the admission of the medical bills, stating that "[m]edical bills are admissible where lay and medical testimony of causation is provided." *Id.* (citation omitted). The Court found that the plaintiff's testimony concerning pain she experienced at the time of the accident, coupled with the physician's testimony, sufficiently linked the collision and the resultant injuries to permit introduction of the plaintiff's medical bills.

The issue of the admissibility of medical bills generally arises when a defendant challenges the causal relationship between the negligent act and a specific injury or medical condition. *See, e.g., Gillikin v. Burbage,* 263 N.C. 317, 139 S.E.2d 753 (1965) (Court finds insufficient evidence that plaintiff's ruptured disc caused by accident); *Smith v. Pass,* 95 N.C. App. 243, 382 S.E.2d 781 (defendant challenges causal connection between accident and fracture of plaintiff's thoracic vertebrae; this Court finds evidence sufficient to allow admission of medical bills); *Lee v. Regan,* 47 N.C. App. 544, 267 S.E.2d 909, *disc. review denied,* 301 N.C. 92, 273 S.E.2d 299 (1980) (Court considers connection between accident and aggravation of plaintiff's pre-existing syringomyelia to determine whether certain medical bills were admissible). However, in the instant case defendants have not raised the issue of a causal relationship between the accident and any specific injury to plaintiff. Rather, defendants rely on a general contention that insufficient evidence connected plaintiff's treatment by certain health care providers to "her injuries." Therefore, the proper inquiry, and the one this Court will consider, is whether plaintiff's evidence sufficiently established a causal relationship between the accident and her injuries generally, so as to support the admission of medical bills for treatment of these injuries.

Plaintiff testified at trial that immediately after the collision she experienced extreme pain in her neck, head, and shoulder. Her left arm was numb, and her back was in severe pain. The following morning the pain was even worse. Plaintiff went to Presbyterian Hospital, where she was examined by Mecklenburg Emergency Medicine physicians, and received X-rays, pain medication, and a neck-support collar. The hospital staff recommended follow-up with an orthopedic doctor; therefore, plaintiff sought treatment from Dr. Sanders, a local orthopedic physician. Sanders saw plaintiff a few times, and prescribed pain medication and physical therapy. Several weeks later, plaintiff was still experiencing pain and numbness, as well as migraine headaches. She then consulted with Dr. Wheeler, a specialist in pain medicine and neurology. Dr. Wheeler took over plaintiff's

treatment from that point onward, prescribing tests, medication, and therapy over the following two years.

Dr. Wheeler testified that he first met with the plaintiff in early March, 1995, approximately three months after the accident. At that time, he took plaintiff's medical history and performed a complete physical examination. He also reviewed the X-rays that plaintiff had obtained at Presbyterian Hospital on the morning following the accident. Dr. Wheeler's medical diagnosis was that the plaintiff suffered from severe post traumatic cervical segmental and soft tissue dysfunction, and migraine headaches, as well as a nerve impingement, all of which could have been caused by a collision like the one at issue. Dr. Wheeler ordered a cervical MRI and a bone scan for diagnostic purposes, prescribed pain medication, and directed her to continue the physical therapy prescribed by Dr. Sanders. He treated her for these injuries for the following two years. Dr. Wheeler also performed an impairment rating examination which showed ten percent impairment overall. On cross-examination, defendants informed Dr. Wheeler that the emergency room physicians, and Dr. Sanders, had diagnosed plaintiff with a strained cervical spine and a strained dorsal lumbar spine. Wheeler explained that these physicians were using a different, less specific, vocabulary for the same kind of injuries that he had diagnosed. He noted that the terms "strain" and "sprain" were "the usual vernacular of an emergency room physician;" that, unlike the emergency room physicians and Dr. Sanders, he specialized in treating problems with the spine; and that physicians in his field were working towards adopting a "standard nomenclature" which would exclude the terms strain and sprain from diagnoses of the neck and back. Wheeler also testified to the purposes for which he had prescribed tests such as a bone scan and MRI.

In sum, plaintiff testified that immediately following the collision she began to experience severe pain and suffering in her neck, back, and shoulder area. Dr. Wheeler's testimony established a causal relationship between the accident and the injuries. His examination of X-rays taken the morning after the accident, and his concurring with Dr. Sander's prescription for physical therapy provide a sufficient basis to submit those bills; other challenged medical bills were for treatment or tests prescribed by Dr. Wheeler for these injuries. We find that the plaintiff's evidence demonstrated a causal relationship between the accident and her injuries.

McCURRY v. PAINTER

[146 N.C. App. 547 (2001)]

[2] Defendant also argues that plaintiff's medical bills were admitted without sufficient evidence that they were reasonable in amount. However N.C.G.S. § 8-58.1 (1999) provides that:

> Whenever an issue of hospital, medical, dental, pharmaceutical, or funeral charges arises in any civil proceeding, the injured party or his guardian, administrator, or executor is competent to give evidence regarding the amount of such charges, provided that records or copies of such charges accompany such testimony. The testimony of such a person establishes a rebuttable presumption of the reasonableness of the amount of the charges.

This Court has held previously that the statute creates a rebuttable mandatory presumption of the reasonableness of the amount of the charges. *Jacobsen v. McMillan*, 124 N.C. App. 128, 476 S.E.2d 368 (1996). That is, when a plaintiff introduces medical bills in support of his testimony, the jury must find that the amount is reasonable, unless the defendant rebuts this presumption with other evidence. *Id.* at 134, 476 S.E.2d at 371-72. If, however, the defendant does not rebut the medical expenses presumption, it is conclusively established. *Id.* at 135, 476 S.E.2d at 372. In the instant case, plaintiff testified concerning her injuries and the medical treatment she received, and also introduced copies of these medical bills. Defendants presented no evidence; nor did they rebut the reasonableness of the amount of the medical charges on cross-examination. Therefore, the reasonableness of the amount of these charges is conclusively established.

For the reasons discussed above, we conclude that the plaintiff presented a sufficient foundation for the admission of her medical bills for treatment of injuries she contended were proximately caused by the accident. Thus, we overrule the assignment of error challenging the admission into evidence of these medical bills.

[3] Defendants next argue that the introduction of plaintiff's medical bills "without medical substantiation created an inference in the jury's minds that such alleged injuries and charges were not subject to challenge. . . ." This argument does not cite an assignment of error. In addition, none of defendants' assignments of error include any reference to "an inference in the jury's mind" that allegedly was generated by the admission of evidence. Therefore, this argument is not properly before this Court, and will not be addressed.

[4] Finally, defendants contend that the trial court erred when it allowed plaintiff to reopen her case after she had rested. Defendants

moved for directed verdict at the close of plaintiff's evidence, on the grounds that plaintiff had not presented a prima facie case of proximate cause and damages. After the trial court denied defendants' motion for directed verdict, defendants moved to exclude testimony about the amount of plaintiff's medical bills, arguing that she had failed to submit them to the jury in support of her testimony, as allowed under G.S. § 8-58.1. At plaintiff's request, the trial court then allowed plaintiff to reopen her case for the limited purpose of introducing into evidence the medical bills about which she had testified. Defendants objected, stating that they had made a "strategic" decision to defer their motion until after plaintiff had rested, apparently hoping that it would then be too late for plaintiff to remedy her oversight.

"The trial court has discretionary power to permit the introduction of additional evidence after a party has rested." *State v. Jackson*, 306 N.C. 642, 653, 295 S.E.2d 383, 389 (1982) (citations omitted). "Whether the case should be reopened and additional evidence admitted [is] discretionary with the presiding judge." *Smith Builders Supply v. Dixon*, 246 N.C. 136, 140, 97 S.E.2d 767, 770 (1957) (citations omitted). Because it is discretionary, the trial judge's decision to allow the introduction of additional evidence after a party has rested will not be overturned absent an abuse of that discretion. *See Kerik v. Davidson County*, 145 N.C. App. 222, 551 S.E.2d 186 (2001) (motion addressed to trial judge's discretion will not be disturbed unless court abused its discretion); *Harborgate Prop. Owners Ass'n, Inc. v. Mountain Lake Shores Dev. Corp.*, 145 N.C. App. 290, 551 S.E.2d 186 (2001) (remedy that "rests in the sound discretion of the trial court . . . is conclusive on appeal absent a showing of a palpable abuse of discretion"). In the instant case, there is no evidence that the trial court abused its discretion. In *Nelson v. Chang*, 78 N.C. App. 471, 337 S.E.2d 650 (1985), *disc. review denied*, 317 N.C. 335, 346 S.E.2d 501 (1986), defendant was allowed to reopen his case after resting, over plaintiff's objection. This Court held as follows:

> [P]laintiff contends the court erred in allowing defendant, over objection and after denial of plaintiff's motion for directed verdict, to reopen his case and attempt to correct the omissions in damages pointed out by counsel for plaintiff. We disagree. "The purpose of the 'specific grounds' requirement of Rule 50(a) is to allow the adverse party to meet any defects with further proof and avoid the entry of a judgment notwithstanding the verdict at the close of the trial, on a ground that could have been met with

proof had it been suggested earlier." . . . The assignment of error is overruled.

*Id.* at 476, 337 S.E.2d at 654 (quoting *Byerly v. Byerly*, 38 N.C. App. 551, 248 S.E.2d 433 (1978)). We hold that the trial court did not abuse its discretion in permitting plaintiff to introduce her medical bills, and, accordingly, overrule this assignment of error.

For the reasons discussed above, we affirm the judgment entered by the trial court.

Affirmed.

Judges WYNN and CAMPBELL concur.