**IN RE B.S.O.**

[225 N.C. App. 541 (2013)]

IN THE MATTER OF B.S.O., V.S.O., R.S.O., A.S.O., Y.S.O.

No. COA12-878

Filed 19 February 2013

**Termination of Parental Rights—denial of motion for review—misapprehension preventing court from exercising discretion**

The trial court abused its discretion by denying respondent mother's motion for review based on the court's mistaken belief that it had entered an order terminating parental rights at the conclusion of the termination hearing. The court's denial of the motion to re-open the evidence was based on a misapprehension that prevented the court from properly exercising its discretion.

Appeal by Respondent-parents from order entered 18 April 2012 by Judge Regan A. Miller in Mecklenburg County District Court. Heard in the Court of Appeals 31 January 2013.

*Senior Associate Attorney Twyla Hollingsworth-Richardson for Petitioner Mecklenburg County Department of Social Services, Youth and Family Services.*

*Assistant Appellate Defender Joyce L. Terres for Respondent-mother.*

*Rebekah W. Davis for Respondent-father.*

*Smith Moore Leatherwood LLP, by Carrie A. Hanger, for Guardian ad Litem.*

STEPHENS, Judge.

*Procedural History*

This appeal arises from the trial court's termination of Respondents' parental rights. Respondent-mother is the biological mother of all five children. Respondent-father A.S. is the biological father of B.S.O., V.S.O., and R.S.O. The fathers of the other children are not parties to this appeal. Petitioner Mecklenburg County Department of Social Services, Youth and Family Services ("YFS") first became involved with the family in February of 2006 based on reports of inappropriate discipline and domestic violence. YFS remained involved with the family over the course of the next several years. On 9 May 2011, YFS filed petitions to terminate Respondent-

mother's parental rights to all five minor children, and Respondent-father A.S.'s parental rights to his three biological children.

The termination hearing began on 5 January 2012 and concluded on 16 March 2012.[1] At the conclusion of the hearing, the trial court orally recounted the case history and then stated:

> Well, no, the evidence does establish that it would be in the best interest to terminate parental rights, so but we'll—Just go ahead and draft that [YFS attorney], and I'll take this under advisement and continue to consider it and see exactly what the result's going to be. But the Department will have to continue her visitation with the children until I order otherwise, and reasonable efforts.

On 12 April 2012, Respondent-mother filed a "Motion for Review," in which she alleged that new facts had arisen that impacted both the grounds for termination and the best interests of the juveniles. Specifically, the motion stated that Respondent-father, who had been deported and had not attended the prior hearings, had returned to the United States and attended the last two visits with the juveniles.

At a hearing on 17 April 2012, the trial court orally denied the motion, stating that it had "essentially made a ruling based on the evidence that was presented" at the termination hearing and thus it would be "inappropriate" to re-open the evidence. In its 18 April 2012 written order denying the motion, the trial court again found it had "made a ruling on the evidence presented at the time of the termination of parental rights ("TPR") trial" and "[o]nce an order is entered the rights of the respondent parents are terminated pursuant to [N.C. Gen. Stat. § 7B-1112 (2011)]." On the same date, the court entered its written order terminating Respondents' parental rights. Respondent-mother appeals from both the TPR order and the order denying her "Motion for Review." Respondent-father appeals from the TPR order.

## Discussion

On appeal, Respondents each argue that the trial court (1) abused its discretion by denying Respondent-mother's motion for review seeking to re-open the evidence, (2) erred in finding grounds for termination, and (3) erred in concluding that termination of their parental rights was in the juveniles' best interests. We reverse and remand.

---

1. A permanency planning hearing was held on 15 March 2012.

Respondents first contend the trial court abused its discretion by denying the motion for review, because it mistakenly believed it had entered an order terminating parental rights at the conclusion of the termination hearing. We agree.

A trial court has the discretion to "re-open the case and admit additional testimony after the conclusion of the evidence and even after argument of counsel." *Miller v. Greenwood*, 218 N.C. 146, 150, 10 S.E.2d 708, 710 (1940) (citations omitted). A trial court may even re-open the evidence weeks after holding the original hearing, *Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 270-71, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985), or, "[w]hen the ends of justice require[,] even after the jury has retired."[2] *Miller*, 218 N.C. at 150, 10 S.E.2d at 710-11 (citation omitted).

> It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted). Further, "[w]hen the exercise of a discretionary power of the court is refused on the ground that the matter is not one in which the court is permitted to act, the ruling of the court is reviewable." *State v. Ford*, 297 N.C. 28, 30-31, 252 S.E.2d 717, 718 (1979). "Where a trial court, under a misapprehension of the law, has failed to exercise its discretion regarding a discretionary matter, that failure amounts to error which requires reversal and remand." *Robinson v. General Mills Rest.*, 110 N.C. App. 633, 637, 430 S.E.2d 696, 699 (1993) (citation omitted).

Here, its statements in open court and in the TPR order make clear that the trial court denied Respondent-mother's motion to re-open the evidence on the basis that it had already entered an order terminating Respondents' parental rights before the motion was filed. Accordingly, we must determine whether the court entered a termi-

---

2. Although the proceeding here was not a jury trial, this point is mentioned to emphasize the expansive time frame for which additional evidence may be received.

nation order at the conclusion of the termination hearing. After careful review, we conclude that it did not.

"An order terminating the parental rights completely and permanently terminates all rights and obligations of the parent to the juvenile and of the juvenile to the parent arising from the parental relationship[.]" N.C. Gen. Stat. § 7B-1112 (2011). In a proceeding to terminate parental rights, the trial court first "shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B–1111 which authorize the termination of parental rights of the respondent." N.C. Gen. Stat. § 7B–1109(e) (2011). The second step of the process, *"[a]fter* an adjudication that one or more grounds for terminating a parent's rights exist[,]" is to determine whether termination would be in the "best interests of the juvenile[.]" N.C. Gen. Stat. § 7B-1110 (2011) (emphasis added).

Chapter 7B does not define "entry" of a termination of parental rights order, but does require that both adjudicatory and best interest orders in termination matters be "reduced to writing, signed, and *entered* no later than 30 days following the completion of the termination of parental rights hearing." N.C. Gen. Stat. §§ 7B-1109(e),-1110(a) (2011) (emphasis added). The plain language of these statutes establishes that a TPR order must be in written form to be "entered." *Id.* In addition, "[t]he Rules of Civil Procedure will . . . apply to fill procedural gaps where Chapter 7B requires, but does not identify, a specific procedure to be used in termination cases." *In re B.L.H.*, 190 N.C. App. 142, 146, 660 S.E.2d 255, 257 (citations omitted), *affirmed per curiam*, 362 N.C. 674, 669 S.E.2d 320 (2008). The Rules of Civil Procedure specifically provide that "a judgment is *entered* when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C.R. Civ. P. 58 (emphasis added).

Further, section (a)(1) of Rule 52 of the North Carolina Rules of Civil Procedure provides: " 'In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially *and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.'* Rule 52 applies to termination of parental rights orders." *In re T.P.*, 197 N.C. App. 723, 729, 678 S.E.2d 781, 786 (2009) (emphasis added).

Here, toward the end of the termination hearing on 16 March 2012, the trial court made a number of remarks that suggested it could find certain grounds for termination. The court also instructed

IN RE B.S.O.

[225 N.C. App. 541 (2013)]

the YFS attorney to include certain findings of fact in the "proposed order" he was told to draft. The court even appears to have started to determine that termination would be in the children's best interests. However, the court then stopped and took the matter under advisement instead:

> All right, I'm not going to dictate this, but Mr. Smith [the YFS attorney] go ahead and prepare a proposed order making the findings of fact that concern the history of this case including the prior referrals that were made with respect to the family and the lack of supervision, what the case plan in this case has been, what efforts both parents have made to complete the plan.
>
> . . . .
>
> Well, anyway, all right. So, as far as the Court is concerned, *I think the evidence—Well, no, the evidence does establish that it would be in the best interest to terminate parental rights, so but we'll—Just go ahead and draft that Mr. Smith, and I'll take this under advisement and continue to consider it and see exactly what the result's going to be. But the Department will have to continue her visitation with the children until I order otherwise, and reasonable efforts.*[3]

(Emphasis added). Although the court orally summarized some of the evidence presented regarding the alleged grounds for termination, and suggested the existence of some grounds for termination, the court explicitly stated that the question of whether termination would be in the children's best interests would be taken "under advisement and [the court would] continue to consider it and see exactly what the result[ was] going to be." Thus, at the conclusion of the termination hearing, the trial court had plainly not yet made the best interests determination required to terminate parental rights. *See* N.C. Gen. Stat. § 7B-1110. Accordingly, the court cannot have terminated Respondent's parental rights. That nothing had been reduced to writing or filed with the clerk of court is beside the point. Not only had the trial court failed to *enter* an order terminating parental rights,

---

3. These remarks appear to have been in whole or in large part regarding Respondent-mother's parental rights. When asked by the YFS attorney, "And as to the fathers?", the trial court responded, "Well, the fathers, you know—I don't know." The court went on to make some remarks that could be construed as suggesting the presence of grounds which would justify termination, but never spoke about the children's best interests as regards determination of the rights of any of the fathers.

it had not even made a *ruling* on the question.[4] Indeed, the court ordered YFS to continue visitation and reasonable efforts toward reunification which it could not have done had Respondent-mother's parental rights been terminated.

Respondent-mother filed her motion for review on 12 April 2012. On 17 April 2012, the trial court heard and orally denied the motion. The TPR order was not entered until the following day, 18 April 2012, the same date on which the order denying Respondent-mother's motion was entered.[5] At the time the court orally denied Respondent-mother's motion, the court had not determined that termination was in the children's best interests, let alone (1) reduced its findings of fact, conclusions of law, and best interests determination to writing; (2) signed a written order; or (3) filed it with the clerk of court. As a result, the trial court had not entered a TPR order and had not terminated Respondents' parental rights.

We conclude the court's denial of the motion to re-open the evidence was based on a misapprehension that prevented the court from properly exercising its discretion. Accordingly, we reverse the orders terminating Respondents' parental rights and denying Respondent-mother's motion for review. We remand the matter to the trial court for proper consideration of Respondent-mother's motion. Because we reverse the TPR order, we need not address Respondents' remaining arguments.

Reversed and remanded.

Judges STROUD and DILLON concur.

---

4. In *In re S.N.H.*, 177 N.C. App. 82, 89, 627 S.E.2d 510, 515 (2006), this Court held "the trial court did not err in directing petitioner's counsel to draft the termination order" based on the trial judge's clear statement "that he '[found] by clear and convincing evidence that the . . . grounds enumerated in the petition justify termination of parental rights of [respondent] to these . . . children[.]" *Id.* at 88, 627 S.E.2d at 151. Although, as here, it is appropriate for a trial court to direct "counsel for petitioner to draft an order terminating respondent's parental rights," such directions are proper when the trial judge "enumerate[s] specific findings of fact to be included in the order." *Id.* at 89, 627 S.E.2d at 151. However, all of this assumes that the trial court has already made a termination ruling which had not yet occurred here.

5. The file stamp indicates that the TPR order was entered one minute prior to entry of the order denying Respondent-mother's motion.