IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-411

No. COA21-332

Filed 21 June 2022

Mecklenburg County, No. 16 CVD 18268

FREDERICK SHROPSHIRE, Plaintiff,

v.

SHEYENNE SHROPSHIRE, Defendant.

Appeal by plaintiff from order entered 17 November 2020 by Judge Tracy H. Hewett in Mecklenburg County District Court. Heard in the Court of Appeals 8 March 2022.

*Plumides, Romano & Johnson, P.C., by Richard B. Johnson, for Plaintiff-Appellant.*

*Bratcher Adams Folk, PLLC, by Kalyn Simmons, Brice M. Bratcher, and Jeremy D. Adams, for Defendant-Appellee.*

*Sheyenne Shropshire, pro se, for Defendant-Appellee.*

CARPENTER, Judge.

¶ 1    Frederick Shropshire ("Plaintiff") appeals from a judgment and order for equitable distribution (the "Order"). On appeal, Plaintiff argues the trial court abused its discretion by reopening evidence and requesting he provide evidence of his

retirement plans' date of trial values. He further argues the trial court abused its discretion by: (1) making findings of fact and conclusions of law regarding his Fidelity 401(k) Plan[1]; (2) determining that an equal distribution of the marital estate was not equitable; and (3) ordering Plaintiff to pay Sheyenne Shropshire ("Defendant") a lump sum distributive award of $20,000.00. Because the record lacks sufficient evidence regarding Plaintiff's retirement plans to support the trial court's findings of fact, and in turn its conclusions of law, we remand the matter to the trial court to allow for entry of additional findings of fact and conclusions of law consistent with this opinion. Accordingly, we do not reach the remaining issues.

## I.  Factual & Procedural Background

¶ 2 The record reveals the following: Plaintiff and Defendant married on 15 June 2007, separated on 12 October 2016, and divorced on 25 April 2018. Three children were born of the marriage. Plaintiff initiated the instant action by filing a "Complaint for Child Custody and Motion for Ex-Parte Emergency Child Custody and/or in the Alternative Motion for Temporary Parenting Arrangement" (the "Complaint") on 12 October 2016. On 12 October 2016, the trial court entered a temporary emergency custody order, granting Plaintiff temporary custody of the three minor children.

¶ 3 On 24 October 2016, Defendant filed an answer to Plaintiff's Complaint as well

---

[1] The record also refers to this retirement plan as the "Disney Savings and Investment Plan."

as a motion to set aside the custody order entered 12 October 2016 and a claim for child custody. On 3 January 2017, Defendant filed an amended Answer to the Complaint, which included counterclaims for post-separation support, alimony, child custody, temporary and permanent child support, equitable distribution, and attorney's fees. On 6 March 2017, Plaintiff filed a "Reply, Defenses, and Motion in the Cause for Equitable Distribution, Child Support and Attorney's Fees." On 6 July 2017, the trial court entered an order denying Defendant's claims for post-separation support and attorney's fees.

¶ 4     Following a pre-trial discovery conference on 19 July 2017, the trial court entered an "Initial Pretrial Conference, Scheduling, and Discovery Order in Equitable Distribution Matter," which ordered the parties to submit their equitable distribution affidavits no later than 4 August 2017.

¶ 5     On 2 August 2017, Defendant filed her equitable distribution affidavit, and on 4 August 2017, Plaintiff filed his equitable distribution affidavit. Both parties listed the Plaintiff's and Defendant's retirement plans, including Plaintiff's Fidelity 401(k) Plan, under Part I – Marital Property of the affidavit. Both parties also noted "TBD" under the "date of separation" and "net value" columns pertaining to Plaintiff's two retirement plans. The parties did not list any property under Part II – Divisible Property, of their respective equitable distribution affidavits. On 9 November 2017, the trial court entered a "Status Conference Checklist and Order for Equitable

Distribution Matter," which set the equitable distribution hearing for 5 January 2018.

¶ 6 The equitable distribution trial was conducted on 7 August 2018 before the Honorable Tracy H. Hewett, judge presiding. Defendant appeared *pro se* at the hearing. Both parties testified at the hearing, and neither party offered expert witnesses.

¶ 7 On 1 October 2018, Judge Hewett sent an e-mail to Defendant and counsel for Plaintiff advising she would be reopening evidence in the equitable distribution matter to obtain: (1) the date of trial values for Defendant's two investment accounts, including the Fidelity 401(k) Plan, and (2) the value of the parties' marital residence. She also informed the parties that she would schedule another hearing to admit the requested evidence. Alternatively, she would allow the parties to agree "to submit th[e] information 'on paper.'"

¶ 8 In response to the trial court's request, Plaintiff filed an "Objection, Notice of Objection, Exception and Motion to Recuse" on 18 October 2018, in which he objected to Judge Hewett's request for evidence regarding his retirement accounts and sought Judge Hewett's recusal. On the same day, Defendant filed an objection to Plaintiff's motion. On 12 December 2018, the Honorable Chief Judge for Mecklenburg County District Court, Regan Miller, entered an order denying Plaintiff's motion to recuse. Chief Judge Miller found, *inter alia*, "the Court's request for additional documents or

evidence prior to the close of all of the evidence can in no way be classified as 'unfair surprise,' and is not grounds for a recusal."

¶ 9        A hearing was held on 9 May 2019 in which the trial court put its requests on the record and allowed the parties an opportunity to put their objections on the record. The trial court notified the parties that it would withdraw its request for an appraisal of the marital home but was still requesting "the evidence regarding the passive appreciation for [Plaintiff's Fidelity 401(k) Plan]."

¶ 10        Counsel for Plaintiff objected to the reopening of evidence on the ground Plaintiff would be prejudiced since the parties did not identify any divisible property in their equitable distribution affidavits nor did they supplement their affidavits to add such property. Counsel further argued Defendant failed to meet her burden to identify Plaintiff's retirement accounts as divisible property and proffer evidence as to the value of the accounts. The trial court overruled counsel's objections, reasoning Defendant requested the information at the equitable distribution hearing and offered the divisible property value associated with her own retirement plan. At the end of the hearing, the trial court requested the parties bring documentation by 12 May 2019 regarding the value of Plaintiff's retirement plan as of the 7 August 2018 trial.

¶ 11        On 17 November 2020, the trial court entered the Order. Plaintiff timely filed written notice of appeal from the Order.

## II.     Jurisdiction

This Court has jurisdiction to review the Order pursuant to N.C. Gen. Stat. § 7A-27(c) (2021) and N.C. Gen. Stat. § 50-19.1 (2021).

## III.     Issues

The issues before the Court are whether: (1) the trial court abused its discretion by reopening evidence after the close of the equitable distribution trial; (2) the trial court abused its discretion by requesting Plaintiff provide the date of trial value of his Fidelity 401(k) Plan; (3) findings of fact 31, 34, 40–43, 55, 57–58, and 60–62 of the Order are supported by competent evidence; (4) the trial court abused its discretion when it determined an equal distribution of the marital estate was not equitable; and (5) the trial court abused its discretion by ordering Plaintiff to make a lump sum $20,000.00 cash distributive award to Defendant.

## IV.     Reopening the Evidence

In his first argument, Plaintiff contends the trial court abused its discretion by reopening evidence after the close of trial.  Specifically, Plaintiff maintains the trial court "was operating under the misapprehension of law that Plaintiff-Appellant was obligated to provide the date of trial value of his [Fidelity 401(k)] Plan . . . ." Defendant asserts the trial court acted properly because it "set forth in the record that the evidence needed to be presented . . .  and exercised its discretion to reopen the case in order for the value to be produced."  In light of the broad discretion

afforded to a trial judge as well as a judge's duty to provide a fair and just trial, we conclude Judge Hewett, as the presiding judge, did not abuse her discretion by reopening evidence on her own initiative.

¶ 15        An "equitable distribution is a three-step process; the trial court must (1) 'determine what is marital [and divisible] property'; (2) 'find the net value of the property'; and (3) 'make an equitable distribution of that property.'" *Cunningham v. Cunningham*, 171 N.C. App. 550, 555, 615 S.E.2d 675, 680 (2005); *see Robinson v. Robinson*, 210 N.C. App. 319, 324, 707 S.E.2d 785, 790 (2011) ("[T]he [trial] court must . . . classify all of the property and make a finding as to the value of all [distributable] property."); *see also* N.C. Gen. Stat. § 50-20 (2021).

¶ 16        Marital property includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property . . . ." N.C. Gen. Stat. § 50-20(b)(1). Divisible property includes, *inter alia*, "[p]assive income from marital property received after the date of separation," such as interest or dividends. N.C. Gen. Stat. § 50-20(b)(4). "[A]ll appreciation and diminution in value of marital and divisible property is presumed to be divisible property unless the trial court finds that the change in value is attributable to the postseparation actions of one spouse." *Cheek v. Cheek*, 211 N.C. App. 183, 184, 712 S.E.2d 301, 303 (2011) (citation omitted and emphasis in original).

"[M]arital property shall be valued as of the date of the separation of the parties," while "[d]ivisible property . . . shall be valued as of the date of distribution." N.C. Gen. Stat. § 50-21(b) (2021).

¶ 17 On appeal, neither party offers a case or statute that specifically addresses whether the trial court judge may *sua sponte* reopen the evidence in a civil proceeding prior to the entry of judgment, absent a motion by a party or agreement by the parties. After careful review of the relevant law, we see no reason to distinguish between a trial court reopening evidence on its own initiative, and a trial court reopening evidence upon a party's motion. *See, e.g.*, *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260 (concluding the trial court did not abuse its discretion by allowing the defendant's motion to reopen evidence two weeks after the original hearing), *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985); *Coburn v. Roanoke Land & Timber Corp.*, 259 N.C. 100, 130 S.E.2d 30 (1963) (affirming the trial court's denial of the plaintiff's request for leave to admit additional evidence).

¶ 18 It is well-established that "[t]he trial court has discretionary power to permit the introduction of additional evidence after a party has rested. Whether the case should be reopened and additional evidence admitted [is] discretionary with the presiding judge." *McCurry v. Painter*, 146 N.C. App. 547, 553, 553 S.E.2d 698, 703 (2001) (citations omitted). "A trial court may even re-open the evidence weeks after holding the original hearing, or "[w]hen the ends of justice require[.]" *In re B.S.O.*,

225 N.C. App. 541, 543, 740 S.E.2d 483, 484 (2013) (citations omitted). Our Supreme Court has considered whether the party affected by the introduction of the evidence would be "surprise[d] or improperly prejudice[d]." *Miller v. Greenwood*, 218 N.C. 146, 150, 10 S.E.2d 708, 711 (1940).

¶ 19 "Because it is discretionary, the trial judge's decision to allow the introduction of additional evidence after a party has rested will not be overturned absent an abuse of that discretion." *McCurry*, 146 N.C. App. at 553, 553 S.E.2d at 703 (citations omitted). An abuse of discretion occurs when the decision to reopen evidence is "manifestly unsupported by reason," or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Mutakbbic*, 317 N.C. 264, 273–74, 345 S.E.2d 154, 158–59 (1986) (citations omitted).

¶ 20 Further, a trial court "has broad discretion to control discovery" because its principal role "is to control the course of the trial as to prevent injustice to any party . . . ." *Capital Res., LLC v. Chelda, Inc.*, 223 N.C. App. 227, 234, 735 S.E.2d 203, 209 (2012) (citations omitted). Additionally, it is the duty of the trial court judge "to see to it that each side has a fair and impartial trial." *Miller*, 218 N.C. at 150, 10 S.E.2d at 711. In doing so, the judge has "discretion to take any action to this end within the law . . . ." *Id.* at 150, 10 S.E.2d at 711.

¶ 21 The North Carolina Rules of Evidence, which afford the trial court discretion, also support the conclusion a trial court may, on its own motion, reopen a case to

allow for additional evidence. *See generally* N.C. Gen. Stat. § 8C-1 (2021). We note the rules are to "be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth be ascertained and proceedings justly determined." N.C. Gen. Stat. § 8C-1, Rule 102 (2021). Furthermore, the trial court judge is "empowered to hear any relevant evidence," N.C. Gen. Stat. § 8C-1, Rule 104, cmt. (2021), and is not limited by the rules of evidence in determining "preliminary questions concerning . . . the admissibility of evidence . . . ." N.C. Gen. Stat. § 8C-1, Rule 104 (2021). The trial court has a duty to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth." N.C. Gen. Stat. § 8C-1, Rule 611 (2021). In fact, the trial court has the authority to "appoint witnesses of its own selection," N.C. Gen. Stat. § 8C-1, Rule 706 (2021), including expert witnesses to appraise property in an equitable distribution action. *See Dorton v. Dorton,* 77 N.C. App. 667, 676, 336 S.E.2d 415, 422 (1985).

¶ 22 In this case, the trial judge took the equitable distribution matter under advisement at the close of the 7 August 2018 hearing. On 1 October 2018, the trial judge sent an email to Plaintiff's counsel and Defendant, who was not represented by counsel at the time. Judge Hewett sought, *inter alia*, the date of trial values of Plaintiff's two retirement accounts.

¶ 23        A hearing was held on 9 May 2019 regarding the request. The trial court again requested the value of Plaintiff's retirement plans as of the date of trial. The trial court reasoned at the 9 May 2019 hearing that Defendant offered the passive income value on her own retirement account, so she would be prejudiced by Plaintiff not offering the same information on his accounts. Counsel for Plaintiff objected to the reopening of evidence, and the trial court overruled her objection. Thereafter, Plaintiff took the stand and was asked on direct examination if he knew "the amount of [his] retirement [plan as of] August . . . 7th, 2018." He responded, "[n]o." At the end of the hearing, the trial court requested the parties provide documentation to show the values of Plaintiff's retirement accounts by the end of the week—12 May 2019.

¶ 24        In their respective equitable distribution affidavits, both parties listed the retirement accounts as marital property. Moreover, neither party contended in their affidavits that there was divisible property for the trial court to distribute. Based on the affidavits, there is no dispute that Plaintiff's retirement accounts have marital property aspects. *See* N.C. Gen. Stat. § 50-20(b)(1). Nevertheless, Defendant's question to the trial court at the 7 August 2018 hearing raised the issue of whether the retirement plans also include divisible property:

> [Defendant]: You're [sic] honor—and I don't know if you can answer this, but I'm just unsure why, uh, [Plaintiff] contends that the value would be more given [my

retirement] statement. They have date of separation, what they felt was the value at $68,000. I don't know why they would value it at $75,000, but you said it only [sic] date of separation. Is that correct?

[Trial court]: Right. And then, there can be, um, the passive—[or] active gain, which is, uh, classified as something else. But, uh—but we can get to that later.

[Defendant]: Okay. And then, his, uh, second 401k that he started at this job, I don't have a statement from them, so I can't confirm the value . . . .

¶ 25 During Defendant's cross-examination of Plaintiff, the trial court returned to

the issue of active and passive gains:

[Trial court]: All right. Um, let me just make sure I'm clear on one thing right quick, and that is on the—we have the passive gain on [Defendant's]—I don't know if it was termed to 401k. Um, do we have active or passive gain on the TEGNA or the [Fidelity 401(k) Plan] account?

[Counsel for Plaintiff]: Your [sic] asking me or no?

[Trial court]: Yes, ma'am.

[Counsel for Plaintiff]: I'm looking. I don't think I have it. Let me see.

¶ 26 Again, during closing arguments, Defendant raised her concern over Plaintiff's

undisclosed passive gains.

[Defendant]: They have the appreciated value, the passive appreciation for mine, but not theirs, so I—you know, I would hope that you would not count that or count it equitably. I can't—I mean, you can't just list whatever yours was at the date of separation, and whatever mine was, and add this $17,000 to it without adding something

to his. I'm sure he could pull it up just like I did on my phone.

¶ 27 In this case, Judge Hewett found that the "ends of justice" and equity required reopening the evidence based on her own action of not returning to Defendant's question of active and passive income at the 7 August 2018 hearing after noting she would. *See In re B.S.O.*, 225 N.C. App. at 543, 740 S.E.2d at 484. Judge Hewett also based her decision to reopen evidence on Plaintiff using Defendant's retirement plan statement to obtain passive gains on her account despite not alleging any divisible property in his equitable distribution affidavit. Plaintiff then refused to offer the same evidence for his retirement accounts. Plaintiff was not "surprise[d]" by the reopening of evidence because the trial court requested the information at the initial equitable distribution hearing. *See Miller*, 218 N.C. at 150, 10 S.E.2d at 711. Chief Judge Miller, the neutral and impartial judge ruling on Plaintiff's motion to recuse Judge Hewett, also found the request did not create a surprise for Plaintiff. Further, Plaintiff was not "improperly prejudice[d]" by the request because Defendant volunteered the passive gains earned on her own retirement plan, which the trial court would equitably divide between the parties. *See id.* at 150, 10 S.E.2d at 711.

¶ 28 Therefore, the trial judge made a "reasoned decision," *see Mutakbbic*, 317 N.C. at 274, 345 S.E.2d at 159, and did not abuse her discretion by reopening evidence to value Plaintiff's retirement accounts as of the date of trial. *See McCurry*, 146 N.C.

App. at 553, 553 S.E.2d at 703.

## V. The Trial Court's Request for Evidence Regarding Plaintiff's Retirement Account

¶ 29      In his second argument, Plaintiff contends the trial court abused its discretion by "shifting the burden of proof by ordering Plaintiff-Appellant to provide documentation or evidence of the value of his Fidelity 401(k) [Plan] at the date of trial and failing to give Plaintiff-Appellant the ability to rebut the presumption that it was divisible property." Defendant argues the trial court did not abuse its discretion by requesting information regarding Plaintiff's retirement account because it was necessary to equitably distribute the divisible property. We find Plaintiff's argument unpersuasive.

¶ 30      Here, the trial court judge offered to hold a hearing to allow the parties full opportunity to be heard and to present additional evidence relating to Plaintiff's retirement accounts. As an alternative, the judge allowed the parties to submit documentation if the parties so agreed. Although Plaintiff was given an opportunity—but not ordered—to testify or admit additional evidence at a hearing as to the classification and valuation of property, he declined.

¶ 31      Plaintiff cites to *Miller v. Miller*, 97 N.C. App. 77, 80, 387 S.E.2d 181, 184 (1990) (holding the trial court did not err in failing to classify and distribute a debt where husband failed to meet his burden of proving the debt's value and

classification), *Atkins v. Atkins*, 102 N.C. App. 199, 208, 401 S.E.2d 784, 788 (1991) (holding the husband did not satisfy his burden of proving a tract of land was separate property), *Albritton v. Albritton*, 109 N.C. App. 36, 41, 426 S.E.2d 80, 83 (1993) (refusing to remand a case where the "trial court failed to make a specific finding as to the present discount value" of a party's pension plan, and the party did not offer evidence as to the pension plan's value), and *Montague v. Montague*, 238 N.C. App. 61, 68, 767 S.E.2d 71, 76– 77 (2014) (holding the trial court did not abuse its discretion by failing to omit a lawnmower from its equitable distribution where the husband did not provide the requisite evidence), to argue the trial court improperly shifted Defendant's burden of presenting evidence regarding the classification and valuation of Plaintiff's retirement plans to Plaintiff. We disagree.

¶ 32        As discussed above, the trial court did not abuse its discretion by reopening the evidence. The cases on which Plaintiff relies are distinguishable from the instant case where the trial court, on its own motion, reopened the evidence to allow additional information on an item of divisible property. Thus, we cannot conclude the trial court improperly shifted the burden of proof. Although the trial court was under no obligation to request the evidence, it found the evidence was necessary to accurately value marital and divisible property and achieve a fair and just equitable distribution judgment.

## VI.    Findings of Fact

¶ 33    In his third argument, Plaintiff contends findings of fact 31, 34, 40–43, 55, 57–58, and 60–62 of the Order are not supported by the evidence. Defendant argues "the trial court's findings of fact were supported by competent evidence from the record and are detailed enough to not be disturbed on appeal." Defendant further argues it was Plaintiff who provided the information regarding his Fidelity 401(k) Plan to the trial court; thus, he may not challenge the evidence.

¶ 34    We review a judgment entered after a non-jury trial to determine "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Montague*, 238 N.C. App. at 63, 767 S.E.2d at 74. "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *Lund v. Lund*, 244 N.C. App. 279, 287, 779 S.E.2d 175, 181 (2015) (citation omitted). Additionally, competent evidence is "admissible or otherwise relevant." *State v. Bradley*, 2022-NCCOA-163, ¶ 14. We note the record on appeal in this case was settled pursuant to Rule 11(b) of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 11(b).

¶ 35    Under Rule 11(b),

> [i]f the record on appeal is not settled by agreement under Rule 11(a), the appellant shall, within the same times provided, serve upon all other parties a proposed record on appeal constituted in accordance with the provisions of Rule 9. Within thirty days . . . after service of the proposed record on appeal upon an appellee, that appellee may serve upon all other parties a notice of approval of the proposed

> record on appeal, or objections, amendments, or a proposed
> alternative record on appeal in accordance with Rule 11(c).
> If all appellees within the times allowed them either serve
> notices of approval or fail to serve either notices of approval
> of objections, amendments, or proposed alternative records
> on appeal, appellant's proposed record on appeal thereupon
> constitutes the record on appeal.

*Id.*

¶ 36        Here, Plaintiff composed the record on appeal and served the proposed record upon Defendant on 30 April 2021. There is no evidence Defendant objected to, or approved of, the record "within thirty-days . . . after service." *See id.* Therefore, Plaintiff's "proposed record on appeal . . . constitutes *the record on appeal.*" *See id.* (emphasis added).

¶ 37        Plaintiff first challenges findings of fact 31 and 34. Finding of fact 31 provides: "During the trial, both parties requested of the other, date of trial values on their respective retirement accounts set out above." Although the transcripts of the 7 August 2018 hearing reveal Defendant asked the trial court about potential passive income on Plaintiff's retirement accounts, and again commented on the subject during her closing argument, there is no evidence she requested *from Plaintiff* the date of trial values of his retirement accounts. Rather, the trial court told Defendant they would return to the issue, and during Defendant's cross examination of Plaintiff, the trial court asked Plaintiff's counsel whether passive or active gains had been earned on Plaintiff's retirement plans. Defendant again raised the issue during her

closing argument. Therefore, we conclude finding of fact 31 is not supported by competent evidence. *See Montague*, 238 N.C. App. at 63, 767 S.E.2d at 74.

¶ 38 Finding of fact 34 provides: "When Defendant asked for this information during cross examination, the Court determined this would be provided at a later time during trial and then neglected to return to Defendant and allow the question." The transcripts tend to show Defendant was testifying on *direct examination* regarding marital property and the values she assigned to the property when she asked the trial court why Plaintiff valued her account using the date of trial value. The trial court explained that Plaintiff's valuation concerns passive or active gain and that the court would return to the issues. The finding that the question occurred on *cross examination* is not supported by the competent evidence; however, this error was harmless. *See Hart v. Hart*, 74 N.C. App. 1, 5, 327 S.E.2d 631, 634 (1985). We conclude the remaining findings within finding of fact 34 are supported by competent evidence. *See Montague*, 238 N.C. App. at 63, 767 S.E.2d at 74.

¶ 39 Plaintiff next challenges findings of fact 40, 41, 42, and 43 which provide the following:

> 40. Plaintiff provided information only on the Fidelity 401(k) Plan which showed that on, or about July 16th 2018, and without notice to Defendant/Wife or accountability for post separation increases, Husband withdrew the entirety of the funds from the account, leaving a zero balance on the date of trial.

41. No evidence was presented showing that the Fidelity 401(k) Plan had been rolled into another 401(k).

42. The total of the amount withdrawn by Husband from the Fidelity 401(k) Plan, approximately twenty-one (21) days prior to trial, was one hundred ninety-three thousand one hundred seventy-nine dollars and fifty-two cents ($193,179.52), which is thirty four thousand dollars and fifty cents ($34,000.50) more than the amount on the statement provided at trial which showed the date of separation value.

43. There were no post separation deposits made by Husband, so the passive gain to the Fidelity 401(k) Plan of thirty-four thousand dollars and fifty cents ($34,000,50), is a marital asset to be distributed as such to the Plaintiff.

¶ 40 We are unable to determine from the record before us whether competent evidence exists to support the trial court's findings regarding Plaintiff's Fidelity 401(k) Plan, or whether this evidence was intentionally omitted from the record on appeal. Nonetheless, Defendant did not object to the proposed record on appeal, so it "constitutes the record on appeal." *See* N.C. R. App. P. 11(b). In any event, findings of fact 40, 41, 42, 43 concerning Plaintiff's Fidelity 401(k) Plan are not supported by competent evidence based upon the record on appeal. *See Montague,* 238 N.C. App. at 63, 767 S.E.2d at 74. Because the trial court relied on these unsupported findings to make additional findings on the distribution factors under N.C. Gen. Stat. § 50-20(c) and related conclusions of law, we must remand the matter to the trial court. On remand, the trial court may hold an evidentiary hearing and, in its discretion, admit additional evidence if it deems necessary as to findings 40, 41, 42, and 43. *See*

*Lund*, 244 N.C. App. at 287, 779 S.E.2d at 181; *Bradley*, 2022-NCCOA-163, ¶ 14. Because we remand the matter, we need not consider Plaintiff's arguments as to the trial court's conclusions of law, its unequal division of property, and its order for Plaintiff to make a distributive award.

REMANDED.

Judges GORE and GRIFFIN concur.